## TAYLOR *v.* THE STATE.

LIQUOR LAW OF 1873.—*Penalties.*—To an indictment for selling intoxicating liquor without a permit, the first penalty prescribed in section 14 of the act to regulate the sale of intoxicating liquors (Acts 1873, p. 151) is applicable, and the penalty prescribed in section 10 of said act is applicable to an indictment for selling with a permit, but within the interdicted hours.

CRIMINAL LAW.—*Indictment of Two Counts.*—*General Finding.*—Where there are two counts in an indictment, under one of which, if the defendant be found guilty, the fine would be greater than under the other, and the verdict is general, and the fine assessed is the lowest that could be assessed. under the indictment, the defendant cannot complain because the verdict does not show under which count he was found guilty.

LIQUOR LAW.—*Evidence.*—*Defence.*—Under an indictment for selling intoxicating liquor to be drank on the premises, without a permit, it is not necessary for the state to prove that the defendant had no permit. If the defendant had a permit, he may show it in defence.

From the Marion Criminal Circuit Court.

*H. W. Harrington* and *H. Francisco,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

BIDDLE, J.—Prosecution under the act of February 27th, 1873, (Acts 1873, p. 151) against the appellant and Charles Wreidt, for selling intoxicating liquors.

The indictment contains two counts. The first count charges the defendants with selling the liquor, to be drunk on the premises, not having a permit, " the said intoxicating liquor being so sold after the hour of nine o'clock of the evening, and before the hour of twelve o'clock, P. M., of said day ;" all of which is formally alleged.

The second count is the same as the first, with the exception of an allegation that the defendants had a permit, etc., at

the time the sale was made, but that it was made within the interdicted hours.

A motion to quash the first count was overruled, and exceptions taken. The defendants then both pleaded not guilty to the entire indictment.

Trial by the court. Finding of guilty against Taylor, and a fine of five dollars; and not guilty as to Wreidt. Motion for a new trial overruled. Exception. Judgment. Appeal.

Errors assigned:

1. Overruling motion to quash first count.

2. In not finding on each count separately.

3. In imposing a fine of five dollars.

4. Overruling the motion for a new trial.

There was no error in overruling the motion to quash the first count of the indictment. The selling without a permit being unlawful at all hours of the day, the allegation of the particular hours may be regarded as surplusage.

This court has already held (DOWNEY and BUSKIRK, JJ., dissenting), that section 10 of the act creates no offence independent of section 1, but simply limits the privilege to sell obtained by a permit granted under the first section; that the two sections must be construed together; and that section 10 is applicable only to sales where the liquor is to be drunk on the premises. Otherwise, all sales made on the prohibited days, and within the interdicted hours mentioned in that section, would be indictable offences, however innocent or even commendable they might be. The act will not bear this construction, nor can we suppose that the legislature meant such to be its effect. *Beardsley* v. *The State, ante*, p. 240; *Fromer* v. *The State, post*, p. 580; *Crone* v. *The State, ante*, p. 538.

In the case before us, the penalty prescribed in section 14 is applicable to the first count of the indictment, for selling without a permit; and the penalty provided in section 10 is applicable to the second count, for selling with a permit, but within the interdicted hours.

The act is unskilfully drawn, confused, and complicated; but the above, as it seems to us, is the only safe and practica-

Taylor *v.* The State.

ble construction that can be given to its loose and uncertain terms.

If the appellant was found guilty under the first count, the fine could not have been less than ten dollars; if under the second count, then the fine could not be less than five dollars; but as the finding is general, it is impossible to ascertain from the record on which count the finding was based.

This error, however, if it be an error, inasmuch as the fine is the lowest that could be assessed under the indictment, is not one of which the appellant can complain. *Griffith* v. *The State,* 36 Ind. 406.

We have examined the evidence, and think it fairly sustains the finding. It was not necessary that the State should prove that the appellant had no permit. If he had a permit, it would have been good matter of defence under the first count. As to the second count, it was not necessary either to allege or prove that the appellant had a permit, or had not a permit, as neither the allegation nor proof would have affected the case.

The offence under the first count was for unlawfully selling the liquor to be drunk on the premises, without a permit; under the second count, for unlawfully selling the liquor during the interdicted hours, to be drunk on the premises, in which the permit is immaterial.

The judgment is affirmed.

WORDEN, J.—I cannot concur in the conclusion arrived at by a majority of the court. The first count charged that the defendant had no permit. The second charged that he had a permit, as was necessary, in my opinion, in order to show a violation of section 10. The verdict finds the defendant guilty under both counts; that is to say, that he had, and had not, a a permit, at one and the same time. The verdict should have specified on which count the defendant was guilty. As it stands, it is utterly inconsistent with itself, and should have been set aside.

PETTIT, C. J.—I concur in the above dissenting opinion.