## ENWRIGHT v. THE STATE.

CRIMINAL LAW.—*Indictment Must Name Defendant.*—An indictment, which neither names nor refers to the defendant, is insufficient.

SAME.—*Judgment.*—*Verdict.*—Where a defendant is found guilty generally, on an indictment containing both sufficient and insufficient paragraphs,

a judgment of conviction may be rendered; but where he is found guilty on several paragraphs specifically, of which any one is insufficient, a judgment of conviction is erroneous.

SAME.—*Keeping or Renting House for Gaming.*—An indictment charging the defendant with keeping, or with renting to a person named, his house, " to be used for gaming," and for allowing a person named, " and divers others to the grand jury unknown, to play at a certain game of cards called faro, for money," etc., is sufficient.

From the Tippecanoe Circuit Court.

*A. Parsons* and *Carnahan & Gregory,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

NIBLACK, J.—This was a prosecution, founded upon an indictment for keeping a gaming house. The indictment was as follows:

"STATE OF INDIANA,  ⎱ *In the Tippecanoe Circuit*
TIPPECANOE COUNTY, *ss.* ⎰ *Court, April Term,* 1876.

" The State of Indiana against John Enwright.  Keeping a gaming house.

" FIRST COUNT.—The grand jury of Tippecanoe county, and State of Indiana, empanelled, sworn and charged in open court to inquire in and for the body of the county aforesaid, at the term aforesaid, charge, that, on the 8th day of April, 1876, at the county and State aforesaid, did then and there unlawfully, and on divers other days and times between that day and the time of making this presentment, unlawfully keep a certain house, building and room, to be used for gaming, and then and there unlawfully suffered one James Rathburn, and divers other persons to the grand jurors unknown, to play at a certain game of cards called faro, for money and other articles of value.

" SECOND COUNT.—The grand jury aforesaid, upon their oaths aforesaid, charge, that John Enwright, on the 8th day of April, 1876, at the county and State aforesaid, did then and there, and on divers other days and times between that day and the day of the making of this presentment, unlawfully kept and suffered his certain house, building and room to be used for gaming, and then and there unlawfully suffered one James Rathburn, and divers others to the grand

Enwright v. The State.

jury unknown, to play at a certain game of cards called faro, for money and other articles of value.

" THIRD COUNT.—The grand jury aforesaid, upon their oaths aforesaid, charge, that John Enwright, on the 8th day of April, A. D. 1876, at the county and State aforesaid, did then and there, as on divers other days and times between that day and the day of making this presentment, being then and there the owner of a certain house, building and room, unlawfully rented the same to one James Rathburn, to be used for gaming."

The defendant, before pleading, moved to quash each count in the indictment, but the court adjudged each count sufficient in law, and overruled the motion.

The cause was then submitted to a jury, and there was a verdict in these words:

" We, the jury, find the defendant guilty, as charged in the first and second counts in the indictment, and assess his fine in the sum of one hundred and twenty-five dollars."

Motions for a new trial, and in arrest of judgment, were successively entered and overruled, and a judgment of conviction on the verdict followed.

Our attention is first called to the sufficiency of the indictment.

The appellant is not named or referred to in the first count. For that reason that count is obviously bad, and the motion to quash it ought to have been sustained.

We see no objection to the other two counts.

If there had been a general verdict of guilty, a valid judgment could have been entered on the verdict, and it would have been presumed here, that the judgment was entered on the good counts. 3 Wharton Crim. Law, sec. 3176. But the finding of the jury in this case was specially on both the first and the second counts, that is to say, on a good count and a bad count.

We know of no principle or authority, which will sustain a judgment entered on such a verdict, and we are of the opinion, that such a judgment cannot be sustained.

The judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion.