Powers v. The State.

No. 10,736.

POWERS v. THE STATE.

CRIMINAL LAW.—*Forgery.—Written Order or Request.—Averment of Extrinsic Matter.—Information.*—Where a prosecution for forgery is predicated upon a written order or request for the payment of money, which order or request omits the name of the person to whom it was intended to be addressed, the information will be sufficient to withstand a motion to quash, if the omitted name be supplied therein by a proper averment.

SAME. —*Copy of Written Instrument.—Misnomer.*—Where a copy of the written instrument on which the charge of forgery is predicated is set out in the information, the mere misnomer of the instrument will afford no sufficient ground for quashing such information.

SAME.—*Prosecution by Affidavit and Information.—Jurisdictional Facts.*—Where a prosecution is by affidavit and information, it is not necessary, under section 1733, R. S. 1881, to state in the information the jurisdictional facts which must exist, under section 1679, R. S. 1881, to authorize the State to prosecute the defendant by affidavit and information, instead of by indictment.

SAME.—*Uttering Forged Order.—Scienter.*—Where the information charges that the defendant uttered, published and passed the forged order, it will be bad on motion to quash the same, if it fail to allege that he so uttered, published and passed such order "knowing the same to be false, forged and counterfeit."

SAME.—*Good and Bad Counts.—General Verdict of Guilty.—Presumption.*—Where there is a good count and a bad count, and a general verdict of guilty, a valid judgment can be entered on the verdict, which will be presumed in error to have been entered on the good count.

From the Allen Criminal Court.

*H. Colerick* and *W. S. Oppenheim*, for appellant.

*F. T. Hord*, Attorney General, and *C. M. Dawson*, Prose-- cuting Attorney, for the State.

Howk, J.—In this case the appellant was prosecuted and convicted, upon affidavit and information, charging him with the crime of forgery. From the judgment of conviction he has appealed to this court, and has here assigned as errors the decisions of the trial court in overruling his motions to quash each count of the affidavit and information, and his motion in arrest of judgment. The evidence is not in the record, and the jury, in their verdict, found the appellant guilty as charged in the affidavit and information, and not as charged in any particular count or counts thereof. The affidavit and infor-- mation each contained four separate and several counts, and the questions for decision, and the only questions, are these : Did each count of the affidavit and information state facts sufficient to constitute a public offence ? Or, if some of the counts are good and some bad, what disposition must be made of the case ?

In each count of the affidavit and information the offence charged, or intended to be charged, is defined, and its punish- ment prescribed, in sec. 2206, R. S. 1881. So far as applicable to the case in hand, this section provides as follows : " Whoever falsely makes or assists to make, * * forges, counterfeits, prints, or photographs, or causes to be falsely made, * * forged, coun- terfeited, printed, or photographed, * * * any order, warrant, or request for the payment of money ; * * * * or any other in- strument of writing, with intent to defraud any person, body politic or corporate ; or utters or publishes as true any such in- strument or matter, knowing the same to be false, * * forged, counterfeited, falsely printed, or photographed, with intent to defraud any person, body politic or corporate,—shall be im- prisoned in the State prison not more than fourteen years nor less than two years, and fined not more than one thousand dollars nor less than ten dollars."

In the first count of the affidavit and information, it was charged, in substance, that the appellant, "John Powers, on the 29th day of January, 1883, at the county of Allen and the State of Indiana, did then and there unlawfully, feloniously, falsely, fraudulently and knowingly forge and counterfeit a certain order for the payment of money, which said forged and counterfeit order for the payment of money is as follows, to wit: 'Fort Wayne, Jan. 29, 1883. Pay to John Beel $10$\frac{00}{100}$. Henry Stillhorn,' with intent to defraud one Charles Still-horn; that the words and characters and figures in the said forged and counterfeit order for the payment of money afore-said, as follows, to wit: 'Fort Wayne, Jan. 29, 1883. Pay to John Beel $10$\frac{00}{100}$. Henry Stillhorn,' did then and there mean, and were by him, the said John Powers aforesaid, meant and intended to mean as follows, to wit: 'Fort Wayne, January 29th, 1883. Pay to John Beel ten dollars. Henry Stellhorn;' that Henry Stellhorn was then and there in the habit of draw-ing orders for the payment of money, of similar tenor to said false and counterfeit order aforesaid, upon Charles Stellhorn, and Charles Stellhorn was at that time in the habit of paying such orders drawn by said Henry Stellhorn as aforesaid, all of which said John Powers aforesaid then and there well knew; that John Powers aforesaid and John Beel, named in said false and counterfeit order for the payment of money aforesaid, were then and there one and the same person, all of which the said John Powers aforesaid then and there well knew, as Henry Stellhorn has complained on oath, and as set forth in the affi-davit of Henry Stellhorn herewith filed."

The second count of the affidavit and information differed from the first count only in this, that it charged that the ap-pellant committed the forgery with intent to defraud Henry Stellhorn, instead of Charles Stellhorn as in the first count. In the third count it was charged, in substance, that the ap-pellant unlawfully, feloniously, fraudulently, falsely and knowingly uttered, published and passed to Charles Stellhorn, as true and genuine, the false, forged and counterfeit order

for the payment of money, describing the same and giving its meaning as in the first count, with intent then and there and thereby falsely, feloniously and fraudulently to defraud Charles Stellhorn, etc. The fourth count differed from the third count only in this, that it charged the offence to have been committed by appellant with intent to defraud Henry Stellhorn, instead of Charles Stellhorn as in the third count.

The first objection, urged in argument by the appellant's counsel, to the sufficiency of the affidavit and information, is applicable alike to each of the four counts thereof. It is, that the instrument of writing, upon which the charge in each of the counts is predicated, "is not an order for the payment of money, within the meaning of section 2206, R. S. 1881, on the subject of forgery, nor is it made so by the averments of the extrinsic matter set out in the several counts of the affidavit and information, and so could not be a forged order for the payment of money." It will be seen from the copy of the written instrument, heretofore set out in this opinion, that it is in form an order or request for the payment of a certain sum of money to a certain person, but it is not addressed or directed to any person, or, in the words of counsel, "there is no drawee mentioned in the alleged order." In Bishop's Statutory Crimes, section 327, an order for the payment of money, as these words are used in statutes against forgery, is thus defined: "An order is a written direction, addressed by one who either has in fact, or in the writing professes to have, control over a fund or thing, to another who either purports in the writing to be under obligation to obey, or who is in fact under such obligation, commanding him how to appropriate the fund or thing."

Appellant's counsel quote this definition in their brief, and, because the order under consideration in this case was not addressed to any person, commanding such person how to pay the money, they conclude that such order is not an order for the payment of money within the meaning of the statute, upon which a charge of forgery could or can be predicated. But,

in the same section of Bishop's Statutory Crimes, in which the definition quoted is found, the learned author comments thereon as follows: "According to this definition, and according to the decisions of all the tribunals, there are two kinds of orders; namely, such as are orders on their face; and such as, not being on their face orders, may be shown to be orders by averment and proof." Again, in section 335, Mr. Bishop further says: " If a request omits the name of the person to whom it is intended to be addressed, this omission may be filled up by proof; and so of a warrant, and so of an order."

We are of the opinion, therefore, that even if the order under consideration is not, strictly speaking, an order for the payment of money within the meaning of the statute, yet it is so nearly such an order that it might be shown to be such by averment and proof, and was for this reason properly described, in each count of the affidavit and information, as an order for the payment of money. But if the written instrument, upon which the charge of forgery is predicated in each of the counts, were not properly described therein as an order for the payment of money, the mere misnomer of the instrument would not afford any sufficient ground for quashing either of the counts. A copy of the forged instrument was set out in each count, and from such copy and from the extrinsic matter averred in each count, we can judicially see the fraudulent tendency of the instrument, and that it was " naturally calculated to have some effect." *Reed* v. *State,* 28 Ind. 396; and *Harding* v. *State,* 54 Ind. 359.

Appellant's counsel also claim that the court erred in overruling his motion to quash each count of the affidavit and information, because it was not averred therein that appellant was in custody on the charge for which he was prosecuted, and that the grand jury of the county was not in session. It is claimed that these facts were jurisdictional, and that their averment was necessary for the purpose of showing that the appellant was lawfully prosecuted upon affidavit and information, instead of by indictment, for the felony wherewith he

was charged.   This question was considered by this court in the recent case of *Hodge* v. *State*, 85 Ind. 561, and it was there held, that, under the provisions of section 1733, R. S. 1881, it is not necessary in a prosecution upon affidavit and informa-. tion to state therein the reason why the proceeding is by information instead of by indictment.   We adhere to that decision.

Appellant's counsel say:   " There is a third reason why we think the affidavit is bad, and that is, that it charges that the name of Henry Stillhorn was signed to the paper, and seeks by averment to make it be and mean Henry Stellhorn.   We must admit our inability to find any authority directly in point."   There is nothing in this objection to the sufficiency of the affidavit, as it seems to us.   It was a question of fact, whether or not the appellant meant or intended to forge the name of Henry Stellhorn to the order.   If he did so mean and intend, his bad orthography or bad chirography would constitute no defence in his behalf to a prosecution for the forgery.   The decision of the court in overruling appellant's motions to quash the third and fourth counts of the affidavit and information is complained of as error on another ground. In each of these two counts it was charged that appellant uttered, published and passed the forged order; but, in neither of the two counts, was it charged that he so uttered, published and passed such order, " knowing the same to be false, forged and counterfeit."   This objection is well taken to the third and fourth counts; and upon this ground we must hold that the trial court erred in overruling the motions to quash those two counts; but we are of opinion that the court committed no error in overruling the motions to quash the first and second counts of the affidavit and information.

Appellant's counsel claim the reversal of the judgment below on another ground.   They say:   " If any one of the counts is bad then this case must be reversed; for the motion to quash each separate count was made at the proper time."   In support of their position they quote the rule of this court, as declared in civil causes.   *Evansville, etc., Co.* v. *Wildman,* 63

Ind. 370, and cases cited. And they add: " We can see no reason why this same rule should not apply to criminal as well as civil cases." Neither can we, except that the rule in criminal cases is and has been different. This latter rule is thus stated, in 3 Whart. Crim. Law, sec. 3178 : " When there is a good count and a bad count, and a general verdict of guilty, a valid judgment can be entered on the verdict, which will be presumed in error to have been entered on the good count." This rule was cited with approval by this court in *Enwright* v. *State*, 58 Ind. 567. The court said : " If there had been a general verdict of guilty, a valid judgment could have been entered on the verdict, and it would have been presumed here, that the judgment was entered on the good counts."

There is no error in the record of this cause which would authorize or justify the reversal of the judgment below. If the evidence had been in the record and had tended to sustain the bad counts, and had not tended to sustain the good counts, then we might have reversed the judgment and remanded the cause, with instructions to sustain the motions to quash the third and fourth counts. *Willey* v. *State*, 46 Ind. 363. But, in the absence of the evidence, we must presume, under the rule above quoted, that the judgment below was entered on the good counts.

The judgment is affirmed, with costs.