DEGUTES, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 13—March 9, 1926.*

*Automobiles: Drunken drivers: Penalty: Second or subsequent offenders: Prohibiting driving of automobile by convicted offender: Evidence: Sufficiency.*

1. A specific provision like sec. 343.182, Stats., which relates to drunken automobile drivers, must prevail over the general provisions of sec. 85.22, which imposes penalties only by reference to statutes that cover many separate violations of the law of the road; and such drivers are punishable under sec. 343.182 and not under the more general statute.  p. 438.
2. Defendant, who was convicted of a second offense of driving an automobile on the streets while intoxicated, was properly sentenced under sec. 343.182, Stats.; and, the section not providing penalties for subsequent offenses, the case came under sec. 359.14, the statute relating to repeaters, and a sentence of one year could be imposed.  p. 439.

3. Where, under sec. 359.14, Stats., a sentence of three years could have been imposed, the case was not within the jurisdiction of the district court, and was therefore properly transferred to the municipal court for trial.  p. 439.

4. The court has power, under sec. 2, ch. 430; Laws of 1925, to prohibit a convicted drunken driver from driving for one year.  The fact that said sec. 2 is made a part of sec. 85.22, Stats., instead of sec. 343.182, does not change the clearly expressed legislative intent.  p. 439.

5. Evidence that defendant was drunk, that his car zigzagged across the street, that he staggered, and was thick of speech, is *held* sufficient to sustain a finding that he drove his automobile while intoxicated.  p. 439.

Error to review a judgment of the municipal court of Milwaukee county: George A. Shaughnessy, Judge.  *Affirmed.*

Plaintiff in error was found guilty of driving an automobile on the public streets of Milwaukee while intoxicated on September 21, 1925, and sentenced to imprisonment in the house of correction for the term of one year.  The judgment prohibited the plaintiff in error from driving an automobile for one year.  The information alleged and the proof established the fact that plaintiff in error had been found guilty of driving an automobile while intoxicated in March, 1922, and in March, 1923, and sentenced to imprisonment for such offenses.

For the plaintiff in error there was a brief by *Fawcett & Dutcher,* attorneys, and *Arnold J. Ansfield,* of counsel, all of Milwaukee, and oral argument by *George C. Dutcher.*

For the defendant in error there was a brief by the *Attorney General, Eugene Wengert,* district attorney of Milwaukee county, and *C. Stanley Perry,* assistant district attorney, and oral argument by *Mr. Perry* and *Mr. George A. Bowman,* assistant district attorney.

Stevens, J.  When the statutes relating to the punishment of those who operate automobiles while intoxicated

are viewed in the light of their history there is no doubt of the legislative intent, even though there is an apparent conflict between secs. 85.22 and 343.182 of the Statutes.

Sec. 85.22 is a part of the chapter which covers the entire subject of the law of the road, prescribing the duties of a traveler upon our highways. Originally it had no provision as to drunken drivers. It fixes the penalties that are imposed upon those who violated the law of the road. By ch. 516 of the Laws of 1907 the legislature provided for additional punishment by way of a fine or imprisonment or both for "any person convicted of a second or subsequent violation" of the statutes with reference to frightening horses upon the highway.

It was not until the passage of ch. 600, Laws of 1911, that the law of the road was so amended as to prohibit intoxicated persons from driving automobiles upon the public highway. Ch. 600, Laws of 1911, did not impose any specific penalty for driving automobiles while intoxicated. But by incorporating this provision into the statutes relating to the law of the road, intoxicated drivers were made subject to the same penalties imposed on those who violated any other provision of the law of the road.

Ch. 317, Laws of 1915, especially excepted drunken drivers from the penalty provided for other violators of the law of the road and fixed a much more severe penalty for this particular violation of the law of the road. But this special penalty for drunken drivers was still retained as a part of the penalties imposed by the chapter relating to the law of the road.

This statute remained in this form until the bill to revise the chapter relating to the law of the road, prepared by the revisor of statutes, was introduced at the session of 1923, which became ch. 108, Laws of 1923. In the revisor's bill the provision of the penalty section of the law of the road relating to the punishment of those who drive automobiles

while intoxicated was transferred to sec. 4416*b* (now sec. 343.182), Stats., under the section heading "Drunken auto driver." Ch. 108, Laws of 1923, omitted from sec. 85.22 of the Statutes the words "except as hereinafter provided in cases of intoxicated persons," which had been inserted in 1915 when the statute which is now sec. 343.182 was first enacted. The revisor's note states that the last two sentences of sec. 1836—54 (now sec. 85.22) have been transferred to secs. 4416*a* and 4416*b,* and that "The balance of the section is rewritten to make it cover the whole chapter unless other penalties be specified for particular sections." Other penalties were specified for the particular section relating to the "drunken auto driver."

The legislature, as a part of the general law of the road, still prohibits a person under the influence of liquor from driving an automobile. Under the general penalty section, sec. 85.22 of the Statutes, drunken drivers would be subject to the penalties there prescribed for violations of the law of the road were it not for the fact that the legislature of 1915 expressly excepted them from these penalties and made them subject to the more severe penalties now prescribed by sec. 343.182. The revision of 1923, when considered in the light of the revisor's note, quoted above, shows no legislative intent to change the legislative policy that has prevailed in this state since 1915.

It is a familiar rule of statutory construction that a specific provision like that of sec. 343.182, which relates to drunken drivers alone, must prevail over such general provisions relating to violations of the law of the road as those contained in sec. 85.22, which impose penalties only by reference to statutes that cover many separate violations of the law of the road. *Bliven v. State,* 183 Wis. 557, 559, 192 N. W. 272; *Hite v. Keene,* 137 Wis. 625, 628, 119 N. W. 303; *State v. Washburn W. W. Co.* 182 Wis. 287, 292, 196 N. W. 537.

It follows that sentence was properly imposed under the provisions of sec. 343.182. Inasmuch as this section does not prescribe any penalty for second or subsequent offenses, the case came within the provision of sec. 359.14 relating to repeaters, and the court was empowered to impose a sentence of one year.

In view of the fact that the court might, under sec. 359.14, have imposed as long a sentence as three years, the case was not within the jurisdiction of the district court and was therefore properly transferred to the municipal court for trial.

The court has the power, under ch. 430, Laws of 1925, to prohibit defendant from driving an automobile for the period of one year. The fact that this provision of the statutes is made a part of sec. 85.22 instead of sec. 343.182, where it more properly belongs, does not change the legislative intent, clearly expressed, that it shall apply "Whenever any person is adjudged guilty of having driven an automobile . . . while intoxicated." The language is all-inclusive. It applies to all cases, whether the defendant be a first offender or a repeater.

The evidence abundantly sustains the finding that plaintiff in error drove the car while intoxicated. Witnesses not only testify that he was drunk, but they describe how his car zigzagged across the street as he drove it, as well as his staggering and his thickness of speech which clearly indicated that he was intoxicated while driving his car.

*By the Court.*—Judgment affirmed.