BELL *v.* STATE OF INDIANA.

[No. 29,164. Filed November 17, 1954.]

*T. Merle Cook,* of Fort Wayne, for appellant.

*Edwin K. Steers,* Attorney General, and *Thomas M. Crowdus,* Deputy Attorney General, for appellee.

GILKISON, J.—Appellant was charged with unlawfully driving his automobile on certain described highways in Noble County, Indiana, while he was under the influence of intoxicating liquor, in violation of Sec. 47-2001, Burns' 1952 Repl.

A trial by the judge, without a jury, resulted in a finding and judgment of guilty, fine of $25.00, costs, and a recommendation that defendant's driving permit be suspended for one year.

In the argument section of his brief appellant discusses only the trial court's alleged error in overruling causes two and three of his motion for new trial. Thereby he waives all other alleged errors. Sub-section (f) Rule 2-17 Supreme Court of Indiana—1954 Ed.

Cause No. 2, of the motion for new trial is:

"The decision is not sustained by sufficient evidence." Cause No. 3, is: "The decision of the court is contrary to law." Since these two causes are interdependent we shall discuss them together.

There is no question that the defendant-appellant was driving the automobile at the time and place alleged. The question presented is: Was he at the time, under the influence of intoxicating liquor? The evidence of the state, all by policemen may be summarized thus:

City policeman Workman testified concerning defendant as stated in defendant's brief: "His manner of walking was unsteady, his speech thick, face flushed and his eyes were red. He smelled of alcohol, was not

alert and slouched when he sat. In my opinion he was under the influence of intoxicating liquor."

City policeman Lee testified: "I was with him [defendant] about 45 minutes to an hour. He swayed from the car to the door, which is possibly 8 or 10 steps, talked rather thick, his face was flushed and his eyes watery and he sat in a slouched position. His breath smelled of alcohol and in my opinion he was under the influence of intoxicating liquor." (This summation is in appellant's brief.)

State policeman Lindsay testified, as summarized in appellant's brief, as follows: "I did not talk to him but I observed that he was unsteady in walking, his face was pallid, and his eyes bloodshot and watery. I did not smell his breath nor hear him speak at any time. I have seen many persons under the influence of intoxicating liquors during my career as a police officer and it is my opinion Rufus Bell was under the influence of intoxicating liquor."

Of course on appeal this court cannot weigh the evidence. Where there has been a conviction in the trial court, this court may consider only the evidence most favorable to the state to determine whether the decision is sustained; or whether there is such an absence of evidence that the finding is contrary to law. *Souerdike* v. *State* (1952), 231 Ind. 204, 108 N. E. 2d 136; *State* v. *Lindsey* (1952), 231 Ind. 126, 131, 106 N. E. 2d 230; *Abraham* v. *State* (1950), 228 Ind. 179, 181, 91 N. E. 2d 358; *Batchelor* v. *State* (1920), 189 Ind. 69, 73, 125 N. E. 773.

It is undoubtedly true that in the trial court the evidence must be sufficient to show beyond a reasonable doubt, that at the time and place in question the defendant was driving an automobile on a public highway as alleged, when he was under the influence of

intoxicating liquor. We do not think that any lesser degree of proof than this (beyond a reasonable doubt) could be sufficient in any criminal case. The degree of intoxication required is that the driver "is under the influence of intoxicating liquor." Sec. 47-2001, Burns' 1952 Repl.; *Arnold* v. *State* (1864), 23 Ind. 170; *Morgan* v. *State* (1920), 190 Ind. 411, 415, 130 N. E. 2d 528; *Steinbarger* v. *State* (1948), 226 Ind. 598, 604, 82 N. E. 2d 519.

Appellant admits the distinctive physical conditions as shown by the evidence noted by the three policemen, but insists that he has reasonably and completely explained each of these physical conditions agreeable with the theory that he was not under the influence of intoxicating liquor at the time and place in question. If we were in a position to weigh the evidence we would probably agree with him. But we are not in this position.

Under our law the defendant had a right to trial by jury. An American jury, selected in the manner provided by law, is the most capable fact-finding organization ever devised by man in any country at any time. But the defendant waived his right to this kind of trial as was his privilege. If he erred by this waiver, it is his error, not the court's.

We think there is sufficient evidence to support the decision, and therefore the decision is not contrary to law.

Judgment affirmed.

NOTE.—Reported in 122 N. E. 2d 466.