SHORTER *v.* STATE OF INDIANA.

[No. 29,199.   Filed December 8, 1954.]

1

*Frank R. Ryan,* of Danville, for appellant.

*Edwin K. Steers,* Attorney General, and *Richard M. Givan,* Deputy Attorney General, for appellee.

BOBBITT, J.—Appellant was charged by affidavit in two counts, Count 1 charging the offense of operating a motor vehicle while under the influence of intoxicating liquor, and Count 2 charging reckless driving under Acts 1939, ch. 48, §52, p. 289, being §47-2001, Burns' 1952 Replacement. He was tried by jury which returned the following verdict:

> "We, the Jury, find the defendant guilty, as charged in Count One and Count Two of the affidavit herein, and we fix his punishment as a fine in the

sum of $150.00; we find that the defendant should be imprisoned in the state farm for a period of 90 days."

Motion for a new trial contains four specifications or grounds therefor. Specifications 1 and 4 are not discussed in the argument section of appellant's brief and the questions raised thereby are, therefore, waived. Rule 2-17(e) and (f), Indiana Supreme Court, 1954 Ed.; *Bryant* v. *State* (1954), 233 Ind. 274, 118 N. E. 2d 894.

The sole question presented by specifications 2 and 3 is the sufficiency of the evidence to sustain the verdict of the jury.

*First:* Appellee asserts that appellant's brief fails to show the filing of a bill of exceptions and because of this no question as to the sufficiency of the evidence is presented for review.

The rules of this court do not require that the appellant's brief contain a formal statement that a bill of exceptions was duly filed with the clerk of the trial court. See: *Hart* v. *Scott* (1907), 168 Ind. 530, 81 N. E. 481.

*Second:* Having disposed of the procedural question favorably to appellant, we now proceed to consider the questions presented on the merits of the case, and shall consider the sufficiency of the evidence to support the separate counts of the affidavit in their numerical order.

Count 1 of the affidavit is as follows:

"BE IT REMEMBERED, that on this day, before me, Richard J. Groover, Pro. Atty. for the 55th Jud. Cir., Porter Money personally came who, being duly sworn upon his oath, says that, as he is informed and believes, Johnny V. Shorter on the 6th day of September, A.D. 1953, at and in the county of Hendricks and State of Indiana, did then

and there unlawfully drive and operate a certain motor vehicle, to-wit: an automobile; over and along a certain public highway, to-wit: State Highway No. 36, county and state aforesaid, while he, the said Johnny V. Shorter was then and there under the influence of intoxicating liquor, and while he, the said Johnny V. Shorter, had been previously convicted of the offense of operating a motor vehicle while under the influence of intoxicating liquor, said conviction being in the Justice of Peace Court in the town of Danville, Indiana, on the 5th day of March, 1951, the same being contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

The fact that appellant was driving his automobile at the time and place charged in the affidavit is not disputed. There remains then for the state to prove beyond a reasonable doubt by some substantial evidence of probative value that appellant was under the influence of intoxicating liquor within the meaning of the statute while driving his automobile as charged in the affidavit.

The evidence most favorable to the state in support of Count 1 may be summarized as follows:

The county sheriff testified that he talked with appellant at the time of the accident, and that appellant's breath smelled very strongly of intoxicating liquor, that he walked in an unsteady manner, and that his eyes "were more or less bloodshot."

A deputy sheriff testified that appellant, at the time of the accident, "seemed to be kind of stuttering," and that his tongue was "thick."

The state policeman who was called to the accident testified that he could smell alcohol on appellant's breath as he assisted him to the ambulance. Appellant testified, on direct examination, that he had drunk a

bottle of beer about 11 A.M., and another about the "middle of the afternoon" on the day of the accident.

Evidence that the defendant's manner of walking was unsteady, his speech thick, face flushed, eyes red, and his breath smelled of alcohol, together with the testimony of three witnesses that in their opinion he was under the influence of intoxicating liquor was held to be sufficient to sustain the conviction in *Bell* v. *State* (1954), 233 Ind. 629, 122 N. E. 2d 466.

Testimony of witnesses that the accused was drunk, that his car zigzagged across the street as he drove it, that he was staggering and his speech was thick was held sufficient to sustain a conviction for driving while intoxicated. *Degutes* v. *State* (1926), 189 Wis. 435, 207 N. W. 948.

Also, evidence that the accused was unsteady on his feet; that his breath smelled of alcohol; that he talked with a thick tongue has been held sufficient to sustain a conviction for driving while intoxicated. *State* v. *Ketter* (1926), 121 Kan. 516, 247 P. 430; *State* v. *Noble* (1926), 119 Ore. 674, 250 P. 833.

In construing the meaning of "under the influence" of intoxicating liquor in a statute[1] similar to that here under consideration, the Appellate Court of this state said:

"The offense defined by the statute is not the operation of a motor vehicle by one who is drunk or intoxicated, but 'while under the influence of intoxicating liquor.' It is evident that, in the enactment of the statute, the lawmakers intended to relieve the State from making proof that the offender was drunk, in the meaning of that word as commonly used." *Klaser* v. *State* (1929), 89 Ind. App. 561, 562, 166 N. E. 21.

1. Acts 1939, ch. 48, §52, p. 289, being §47-2001, Burns' 1952 Replacement.

We believe this is a fair statement of the intent of the legislature and this court has so construed the same phrase in the present motor vehicle act.[2] *McClanahan* v. *State* (1953), 232 Ind. 567, 112 N. E. 2d 575.

"Under the influence of intoxicating liquor" are words in common use—they are not words of technical nature—and are well understood by the laity, who know they refer to the impaired condition of thought and action, and the loss of the normal control of one's faculties to a marked degree, caused by drinking intoxicating liquors.

It is not necessary for a driver to be drunk in order to violate the statute making it unlawful for a person to operate a motor vehicle upon a public highway while "under the influence of intoxicating liquor"; nor is it necessary to prove any specific degree of intoxication, but in each case where a person is charged with violation of the provisions of the act, the question as to whether the defendant was "under the influence of intoxicating liquor" is one of fact to be determined by the court or jury from all the circumstances of the case.

The jury might properly have drawn inferences from the circumstances of this case as shown by the evidence above summarized to support a verdict of guilty under Count 1.

Count 2. The statute, §47-2001(c), Burns' 1952 Replacement, defines reckless driving as driving a vehicle with reckless disregard for the safety, property or rights of others, and further provides that, among other things, the offense may be based upon driving recklessly against the car or other property of another, or driving in any other specified manner in

2. Section 47-2001(b), Burns' 1952 Replacement.

which the driver is heedless of the probable injury to the safety, property or rights of others.

Reckless disregard for the safety of others as used in the reckless driving statute "involves a conscious choice of a course of action which injures another, either with knowledge of the serious danger to others involved therein, or with knowledge of facts which would disclose the danger to any reasonable man." *Beeman* v. *State* (1953), 232 Ind. 683, 115 N. E. 2d 919, 922.

The evidence most favorable to the state on Count 2 of the affidavit is, we believe, accurately summarized in appellee's brief as follows:

> "That the driver of the other car involved was proceeding in a proper manner on a public highway and that immediately prior to the accident the other automobile involved had two (2) headlights and two (2) taillights burning thereon, that it was moving at a rate of 3 to 4 miles per hour, and that the driver was executing a right turn from said highway on to a gravel side road, that prior to the making of said turn and during said turn the driver was executing a proper hand signal, that the defendant was approaching from the rear of the other automobile at a speed of approximately 50 miles per hour, and that the pavement was dry at the time. There was no evidence of any unusual obstruction to appellant's vision nor was there any evidence of mechanical failure which would have rendered appellant powerless to avoid the collision."

There is evident here a situation where the driver of an automobile turned off the main highway on to a side road, and in so doing he slowed down to a speed of three to four miles per hour, and appellant, who was driving his automobile behind the car which turned on to the side road, was unable to stop in time to avoid hitting the other car when it slowed down to make the turn. There is no evidence

that appellant drove recklessly against the car of another, or that he was heedless of probable injury to the safety, property or rights of others. Neither is there evidence that appellant voluntarily, with knowledge of existing conditions, did an improper act or refrained from doing a proper one under circumstances where his action or failure to act evinced an entire absence of any care or a heedless indifference of the results which might follow. See: *Idol* v. *State* (1954), 233 Ind. 307, 119 N. E. 2d 428, 429.

At most, it appears that appellant, through inadvertence, lack of attention, or thoughtless negligence, failed to observe that the car ahead was slowing down to turn into a side road in time to avoid running into it. This is not sufficient to support a conviction for reckless driving under the statute. *Idol* v. *State, supra; Beeman* v. *State* (1953), 232 Ind. 683, 115 N. E. 2d 919, *supra.*

We find no substantial evidence of probative value from which a reasonable inference might be drawn to support appellant's conviction on Count 2 of the affidavit. The mere probability that appellant may have driven his automobile against that of another heedlessly, and with reckless disregard for the safety, property and rights of others, will not sustain an inference upon which such possibility can be established as a fact. *Todd* v. *State* (1951), 230 Ind. 85, 101 N. E. 2d 922.

*Third:* Since the evidence is sufficient to support the charge of driving while under the influence in Count 1, but is not sufficient to support the charge of reckless driving contained in Count 2, we are confronted with the question of the validity of the verdict under the circumstances as they now appear.

The penalty upon the second or subsequent conviction

while driving under the influence is a fine of not more than $100 and imprisonment in the state farm for a determinate period of not more than one year, or by a fine of not more than $500 and imprisonment in the state prison for an indeterminate period of not less than one year or more than three years. Section 47-2001 (b), Burns' 1952 Replacement, *supra*.

For reckless driving the penalty is a fine of not less than $1.00 or more than $50, or by imprisonment in the county jail or state farm for a determinate period of not less than ten days nor more than six months, or by both such fine and such imprisonment. Section 47-2001 (c), Burns' 1952 Replacement.

The jury found appellant guilty as charged in Count 1 and Count 2 of the affidavit and fixed his penalty as a fine in the sum of $150 and imprisonment in the state farm for a period of ninety days.

It is apparent that the term of ninety days on the state farm does not exceed the time which might properly have been imposed upon either count of the affidavit. However, if the jury determined that appellant was guilty of the commission of a misdemeanor, as is indicated by the verdict returned, then the maximum fine which might properly be imposed upon each count is $100 on Count 1 and $50 on Count 2. Thus, the fine fixed in the general verdict exceeds that which might properly have been imposed upon either count of the affidavit.

While the jury returned a general verdict assessing a fine in a sum greater than the law permits on either of the two counts when separately considered, it pronounced a sentence on the state farm which might properly have been imposed upon conviction on either count of the affidavit. No authorities have been furnished us by either the appellant or by the state, or

have we been able to find any which bear directly upon this question.

It is evident from an examination of the verdict and the applicable statutes that the jury considered appellant guilty of a misdemeanor only, in which event the sentence pronounced did not, as we have heretofore stated, exceed that which might have been imposed under any single count of the affidavit. However, it appears just as conclusively that appellant was fined the sum of $100.00 under Count 1, and the sum of $50.00 under Count 2. Since the total of the fine assessed in the general verdict is more than could have been properly assessed under any single count of the affidavit, the case at bar does not fall within the rule that, if any one of several counts of the affidavit or indictment is sufficient, then a general verdict rendered upon all counts is good, if the sentence pronounced does not exceed that which might properly have been imposed upon conviction under any single count. *Barksdale* v. *State* (1920), 189 Ind. 170, 125 N. E. 515; *Meno* v. *State* (1925), 197 Ind. 16, 22, 148 N. E. 420, 164 N. E. 93; *Parks* v. *State* (1902), 159 Ind. 211, 215, 64 N. E. 862, 59 L. R. A. 190; *Powers* v. *State* (1882), 87 Ind. 97, 103; *Enwright* v. *State* (1877), 58 Ind. 567, 569; *Taylor* v. *State* (1875), 49 Ind. 555, 557. See also: *United States* v. *Trenton Potteries Co.* (1927), 273 U. S. 392, 401, 71 L. Ed. 700, 47 S. Ct. 377, 50 A. L. R. 989; *Evans* v. *United States* (1894), 153 U. S. 584, 38 L. Ed. 830, 14 S. Ct. 934; (rehearing denied 153 U. S. 608, 38 L. Ed. 839, 14 S. Ct. 939).

If it is true, as the above authorities hold, that a general verdict rendered upon all counts of an affidavit or indictment is valid, if the sentence pronounced does not exceed that which might have been imposed upon conviction of any single count

which is sufficient, it seems reasonable to conclude that a general verdict rendered upon all counts of an affidavit or indictment is invalid if one or more of the counts are found to be insufficient, and the general verdict and sentence exceeds that which might have been legally imposed upon conviction under any good count remaining.

While this court may readily presume that $50.00 of the fine was assessed as part of the penalty for reckless driving, and the remaining $100.00 as part of the penalty for driving while under the influence, we have no way of ascertaining nor may we presume that the $50.00 fine was the sole penalty imposed under Count 1, and the ninety days and $100.00 fine the penalty imposed under Count 2.

Neither can we presume that the ninety day term, or any part thereof, was imposed under Count 1. Under a situation such as presently confronts us, it is impossible to tell what the jury had in mind when it returned a general verdict imposing a sentence greater than could be assessed on the sole good count of the affidavit. We cannot correct the verdict or the sentence. Neither can we treat it as excessive under the rule in *Shoemaker* v. *Dowd* (1953), 232 Ind. 602, 115 N. E. 2d 443.

For the reasons above stated, the general verdict and sentence herein, being greater than that which could properly have been imposed upon the sole good count of the affidavit, is erroneous and contrary to law.

Since the verdict as returned was contrary to law, it was error to overrule appellant's motion for a new trial.

Judgment reversed with instructions to grant appellant's motion for a new trial.

Gilkison, C. J., Draper, Emmert and Flanagan, JJ., concur.

NOTE.—Reported in 122 N. E. 2d 847.