TIDRICK *v.* STATE OF INDIANA.

[No. 29,282.   Filed October 18, 1955.]

*Lynn O'Neill,* and *O'Neill & O'Neill,* of Logansport, for appellant.

*Edwin K. Steers,* Attorney General, and *Richard M. Given,* Deputy Attorney General, for appellee.

BOBBITT, J.—Appellant was charged by affidavit under Acts 1939, ch. 48, §52, p. 289, being §47-2001(b), Burns' 1952 Replacement, with operating a motor vehicle while under the influence of intoxicating liquor, tried by the court without the intervention of a jury, found guilty as charged and sentenced to serve 15 days in jail, fined $50, and his driver's license suspended for a period of one year.

The only question presented is the sufficiency of the evidence to sustain the finding of the court.

An examination of the evidence to determine whether there is any of probative value, or any from which a reasonable inference might be drawn to sustain the decision of the trial court, discloses the following:

A witness for the state testified that on the day and at the place mentioned in the affidavit he was riding in an automobile driven by defendant-appellant; that appellant stopped with him in Logansport where he "got a drink;" that appellant also had "something to drink" but he didn't know what it was; that appellant had "two drinks" before the accident; that appellant was driving

and ran off the road on the right side, and that not being used to power steering when he pulled the car back on the road, it went across the road and ran into the fence.

A farmer living in Kewanna testified that while traveling on State Road 17, south of Kewanna, he saw a car "in the fence" and stopped and investigated; that there were two men at the scene of the accident, one of whom was the appellant; that while he was talking to the other man appellant fell to the ground by the side of the car and collapsed; and that he then took him to the doctor at Kewanna. This witness further testified that he smelled liquor on the appellant; that he staggered when he walked, and he talked "rather thick," and that in his opinion he was intoxicated.

The sheriff of Fulton County testified in behalf of the state that on October 7, 1954, he received a call to go to Kewanna where he found the night marshal, the defendant-appellant, and the other man in the Pump House in Kewanna. The sheriff further testified that he noticed appellant stagger in the Pump House, that his speech was thick and gibberish, and that in his opinion he was under the influence of intoxicating liquor.

The assistant fire chief in Kewanna testified that he was at the Pump House where he had a conversation with appellant; that appellant walked "very staggery," that his speech was thick, and that he could not carry on a straight conversation, that there was evidence of liquor on his breath, and that in his opinion appellant was under the influence of intoxicating liquor.

The night marshal at Kewanna testified that he observed the condition of appellant a short time after the accident; that he staggered when he walked, that he smelled alcohol on his breath; and that in his opinion appellant was under the influence of alcohol.

Appellant attempts to justify the odor of intoxicating liquor on his breath, following the accident, by asserting that he had drunk no intoxicating liquor before the accident but immediately thereafter, in order to ease the pain caused by injuries sustained in the accident, he took two drinks of whisky from a bottle which belonged to the man riding in the car with him.

Whether or not appellant was under the influence of intoxicating liquor while operating his automobile prior to the accident was a question of fact to be determined by the trial court from all the evidence and any reasonable inferences which might have been drawn therefrom, which fact has been resolved against appellant.

The evidence was sufficient to sustain the decision of the trial court, and it was not error to overrule defendant's-appellant's motion for a new trial.

See: *Shorter* v. *State* (1954), 234 Ind. 1, 122 N. E. 2d 847.

Judgment affirmed.

Emmert, C. J., Landis, Arterburn and Achor, JJ., concur.

NOTE.—Reported in 129 N. E. 2d 229.