BRODERICK *v.* STATE OF INDIANA.

[No. 31,007. Filed December 7, 1967. Rehearing denied January 29, 1968.]

*Ferdinand Samper,* and *Forrest Bowman, Jr.,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General and *Michael V. Gooch,* Deputy Attorney General, for appellee.

LEWIS, J.—This is an appeal from a conviction after trial by jury for the crimes of Reckless Homicide and Involuntary Manslaughter as provided by Burns' Indiana Statutes, Anno., § 47-2001 and § 10-3405 respectively; (1965 Repl.), [1967 Cum. Pocket Suppl.] and (1956 Repl.), respectively.

On the 6th day of December, 1964, at approximately 5:00 P.M., appellant was driving his automobile on Crawfordsville Road. At least three witnesses testified that the appellant was having difficulty in keeping his car on the road. His car left the road and also crossed the median yellow lines several times before ultimately colliding, head-on, with another car. Both of the occupants in the other car were killed instantly. At least two witnesses testified that, in their opinion, appellant was driving while under the influence of intoxicating liquor.

Appellant raises four (4) alleged errors on appeal:

(1)  That there was insufficient evidence to prove that the decedent one Jerry Edelson, died as a result of the collision in question.

(2)  That State failed to sufficiently prove that the appellant was driving while intoxicated.

(3)  The State failed to sustain its burden of proof that appellant was driving recklessly.

(4)  The Trial Court's overruling of Appellant's combined motion to strike and quash.

The evidence indicates that the car which collided with that of the appellant was driven by the deceased. A Deputy Coroner of Marion County was summoned to the scene of the accident where he examined the body of the deceased. He testified that the deceased, who hadn't been moved, was dead. He also stated that the deceased had a depressive massive skull fracture in the frontal region, both legs broken, and internal injuries in the abdominal region. There were other witnesses whose testimony substantiated the Deputy Coroner's. It is manifest that the party was driving the car; collided with the car driven by the appellant; and died as a result of that crash.

On appeal from a criminal conviction where the sufficiency of the evidence is challenged, the Supreme Court cannot weigh

the evidence, but will consider only the evidence most favorable to the State, and the reasonable inferences that may be drawn therefrom, to determine whether the jury was warranted in returning a verdict of guilty. *Gilmore* v. *State* (1951), 229 Ind. 359, 98 N. E. 2d 677. See also *Flowers* v. *State* (1956), 236 Ind. 151, 139 N. E. 2d 185.

Appellant assigns as his second error that the State failed to sufficiently prove that he was intoxicated while driving his car. Two witnesses, on direct examination, testified that in their opinion the appellant was intoxicated. One witness was a State Trooper who was investigating the accident; the other witness was a former Air Force Policeman who had had numerous experiences with intoxicated individuals. In addition, there was testimony that appellant and his car smelled of alcohol and testimony regarding his inability to keep his car from weaving from side to side of the road previous to the accident, and that his speech was "thick."

In *Shorter* v. *State* (1954), 234 Ind. 1, 122 N. E. 2d 847, the following statements were made:

"Evidence that the defendant's manner of walking was unsteady, his speech thick, face flushed, eyes red, and his breath smelled of alcohol, together with the testimony of three witnesses that in their opinion he was under the influence of intoxicating liquor was held to be sufficient to sustain the conviction in *Bell* v. *State* (1954), 233 Ind. 629, 122 N. E. 2d 466.

Testimony of witnesses that the accused was drunk, that his car zigzagged across the street as he drove it, that he was staggering and his speech was thick was held sufficient to sustain a conviction for driving while intoxicated. *Degutes* v. *State* (1926), 189 Wis. 435, 207 N.W. 948.

Also, evidence that the accused was unsteady on his feet; that his breath smelled of alcohol; that he talked with a thick tongue has been held sufficient to sustain a conviction for driving while intoxicated. *State* v. *Ketter* (1926), 121 Kan. 516, 247 P. 430; *State* v. *Noble* (1926), 119 Ore. 674, 250 P. 833.

. . .

'Under the influence of intoxicating liquor' are words in common use—they are not words of technical nature—and are well understood by the laity, who know they refer to the impaired condition of thought and action, and the loss of the normal control of one's faculties to a marked degree, caused by drinking intoxicating liquors."

We conclude that the jury was warranted in finding that the appellant was intoxicated.

As appellant's third assigned error, he submits that the State failed to prove that he was driving in a reckless and wanton manner. He stipulates that appellant was across the center line; however, he adds that this is a hazardous point in the road, and that this was a case of a driver losing control of his car rather than that of recklessness.

It is often difficult to say, after an accident, whether it arose as a result of recklessness or mere negligence—the latter not being sufficient to support this conviction. As a test for recklessness, appellant submits that it is one of a conscious choice of a course of action which injures another. He concludes that there was no evidence of such a conscious choice, and, therefore, a failure of proof of an essential element.

*Beeman* v. *State* (1953), 232 Ind. 683, 115 N. E. 2d 919, lays down the following test:

"But while the intention to do or omit the act resulting in injury to another is a necessary ingredient of reckless homicide, willfulness in the sense of a design, purpose, or intent to inflict an injury is not a necessary element of the offense. In other words, to be guilty of a reckless disregard for the safety of others, it is not necessary that one intend the harm which results from it. It is sufficient that the actor realizes, *or should realize,* that there is a strong probability that such harm may result." (Our Emphasis.)

It was brought out by direct testimony that appellant was driving, while intoxicated, in a dangerous manner leaving the road and crossing the median several times. Certainly a

reasonable man should realize that physical injury may result and is clearly within the test of *Beeman* v. *State, supra.*

The State has sufficiently proved that the appellant was driving in a reckless and wanton manner.

Appellant's last error assigns the Court's overruling of his combined motion to strike and quash. More specifically, it is argued that since the 1963 amendment to Burns' Indiana Statutes, Anno., § 47-2001, *supra,* established the crime of "causing death while driving under the influence," such conduct can no longer be the basis for a charge of either reckless homicide or involuntary manslaughter because the offense established in 1963 is more specific.

An examination of the statute in question reveals that it makes reckless driving and/or driving while under the influence of intoxicating liquor, either of which resulting in someone's death, a crime. Appellant was charged with reckless homicide. He contends that driving under the influence of intoxicating liquor is the more specific crime under the facts and that is the one he should have been charged with.

In *Durrett* v. *State* (1966), 247 Ind. 692, 219 N. E. 2d 814, this same issue was raised. This Court made the following statement:

> ". . . There are many factual situations where a charge could be brought under one of several different statutes. Indeed, on some occasions, charges have been brought in alternative counts with the different counts being based upon different criminal statutes. It is sufficient if the indictment or affidavit charges and the evidence proves an offense under a statute, even though the charge might have been brought under a different statute providing a lesser penalty. 15 I.L.E. Indictments and Affidavits § 41—42, p. 563; *Morgan* v. *State* (1926), 197 Ind. 374, 151 N. E. 98; *Myers* v. *State* (1883), 92 Ind. 390."

In this case the allegations of the affidavit follow the requirement of the statute and the evidence supports those allegations. There was no error made.

Appellant also states that count one of the indictment is duplicitous. Count one of the indictment, omitting the formal parts thereof, reads as follows:

"The Grand Jury for the County of Marion in the State of Indiana, upon their oath do present that DAVID BRODE-RICK on or about the 6th day of DECEMBER, A.D. 1964, at and in the County of Marion and in the State of Indiana, did then and there unlawfully and feloniously cause the death of another person, to-wit: JERRY EDELSON, by unlawfully driving and operating a motor vehicle, to-wit: a 1953 Chevrolet automobile in a westerly direction on Crawfordsville Road, a public highway running in an easterly and westerly direction in the County of Marion, and in the State of Indiana, while he, the said DAVID BRODE-RICK was then and there under the influence of intoxicating liquor and that the said DAVID BRODERICK while under the influence of intoxicating liquor as aforesaid unlawfully and feloniously operated said automobile in the 7600 block of said Crawfordsville Road with willful, wanton and reckless disregard for the safety of the said JERRY EDELSON, across double yellow lines on the center of said road, and to the left of center while not in passing, and into the path of an automobile then and there being operated by the said JERRY EDELSON in an easterly direction on said Crawfordsville Road and the said DAVID BRODERICK caused the said 1953 Chevrolet to collide with the said automobile of said JERRY EDELSON and did then and there and thereby unlawfully and feloniously inflict mortal wounds and injuries upon the body of the said JERRY EDELSON, from which mortal wounds and injuries the said JERRY EDELSON did then and there and thereby die; and the said mortal wounds, injuries and death were proximately caused by and were the direct results of the aforedescribed acts of the said DAVID BRODERICK, in driving and operating said automobile with willful, wanton and reckless disregard for the safety of the said JERRY EDELSON, as aforesaid, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The motion to quash count one by reason of duplicity reads, in part, as follows:

"Comes now the defendant and moves the Court to Quash Count 1 of the indictment herein for the following reason:

(a) That the facts stated in Count 1 of the indictment do not constitute a public offense, for the reason that said Count 1 is duplicitous in that it purports to charge more than one (1) criminal offense in the same Count."

Appellant cites *Knopf* v. *State* (1882), 84 Ind. 316, in which the defendant was charged in one count by indictment of erecting illegally a slaughter house and polluting a stream. This Court said:

"In criminal pleading there can be no joinder of separate and distinct offenses in one and the same count. . . . When several acts relate to the same transaction, and together constitute but one offense, they may be charged in the same count, but not otherwise. . . ."

The case was reversed.

In *Chambers* v. *State* (1937), 212 Ind. 667, 10 N. E. 735, the defendant was charged with several false statements made in a Circuit Court under oath which comprised perjury. He argued that these several statements alleged in one count of the indictment made it duplicitous. In passing upon this question, this Court cited from *Brogan* v. *State* (1927), 199 Ind. 203, 156 N. E. 515, the following:

"It is claimed by appellant that the amended affidavit alleged four distinct offenses, and, therefore, was bad for duplicity. An indictment or affidavit is not bad for duplicity for joining in one count, as one offense, offenses committed at the same time by the same person as parts of the same transaction, and subjecting defendant to the same punishment. . . ."

We conclude that being intoxicated was part of the transaction of reckless driving. The State elected to prosecute for reckless driving only. In the indictment it was alleged that the appellant was intoxicated. While they may make out another offense, it was here utilized as a fact in conjunction with reckless driving and was simultaneous with the act of reckless driving, rendering it within the "same transaction" doctrine as laid down by *Chambers* v. *State, supra.*

There being no reversible error raised, we affirm.

Arterburn, Hunter and Mote, JJ., concur; Jackson, C. J., concurs in result.

NOTE.—Reported in 231 N. E. 2d 526.