Submitted on briefs October 26, affirmed November 30, 1926.

## STATE *v.* GEORGE NOBLE.

### (250 Pac. 833.)

**Automobiles—One Driving Automobile While Under Influence of Intoxicating Liquor to Some Perceptible Degree is Guilty of Offense (Laws of 1925, p. 267, § 1).**

1. A person may be under the influence of intoxicating liquor, within meaning of Laws of 1925, page 267, Section 1, forbidding operation of automobile at such time, without being drunk, and conviction thereunder may be had on showing that defendant was under influence of intoxicating liquor to some perceptible degree.

**Criminal Law—It is Common Knowledge That Drinking Intoxicating Liquor has Some Effect on Person Drinking It.**

2. It is common knowledge that drinking of intoxicating liquors, even in small quantities, has some effect upon person drinking it, and that this effect continues for a longer or shorter period, according to amount drunk and individual drinking it.

**Automobiles — Operating Automobile While Under Influence of Liquor is not Established by Proof of Drinking (Laws of 1925, p. 267, § 1).**

3. Proof of drinking intoxicating liquor is not in itself sufficient to sustain a conviction under Laws of 1925, page 267, Section 1,

---

2. See 15 R. C. L. 1133.

forbidding operating automobile while under influence of intoxicating liquor.

**Automobiles—Evidence Held to Show Accused Operated Automobile While Under Influence of Liquor (Laws of 1925, p. 267, § 1).**

4. Evidence *held* sufficient to sustain conviction under Laws of 1925, page 267, Section 1, for operating automobile while under the influence of intoxicating liquor.

**Criminal Law—In Prosecution for Driving Automobile When Under Influence of Liquor, Denying Offer of Proof Affecting Credibility of State Witness Held Harmless, Where Admissions and Testimony Established Defendant 'was Under Influence of Liquor (Laws of 1925, p. 267, § 1).**

5. In prosecution under Laws of 1925, page 267, Section 1, for operating automobile while under influence of intoxicating liquor, error in denying defendant's offer of proof affecting credibility of one of state's witnesses *held* harmless, in view of defendant's admissions and testimony showing that at time of arrest he was under influence of intoxicating liquor.

---

Criminal Law, 16 C. J., p. 512, n. 57, 17 C. J., p. 317, n. 10.
Intoxicating Liquors, 33 C. J., p. 498, n. 10, 12.
Motor Vehicles, 28 Cyc., p. 49, n. 56 New.

From Union: J. W. KNOWLES, Judge.

In Banc.

Upon trial by jury in the Justice's Court for the District of La Grande, the defendant was convicted of the crime of driving an automobile on a public street of that city while under the influence of intoxicating liquor. He appealed to the Circuit Court for Union County, where he was again tried and convicted, and was sentenced to pay a fine in the sum of $500, and to be imprisoned in the county jail for a period of six months. The case is now here upon an appeal from the latter judgment.

Our statute, Chapter 182, Laws of 1925, Section 1, declares that:

"It shall be unlawful for any person, while in an intoxicated condition, or under the influence of intoxicating liquor, to drive, operate or run upon or over any * * street * * within the state * * any automobile * * ."

The court charged the jury "that the state was not required to prove, that the defendant was drunk at the time and place charged in the complaint"; that "There are varying degrees of being under the influence of intoxicating liquor," and that if they should find that the defendant at the time and place charged, was "driving his automobile while under the influence of intoxicating liquor to any degree," that would be sufficient to establish his guilt. Defendant excepted to the giving of the foregoing instruction and also to the refusal of the court to charge that "in law drunkenness and intoxication are synonymous terms" and "have the same legal meaning, and that a person is said to be under the influence of intoxicating liquor when he is drunk or intoxicated," and to the refusal of the court to charge that "in a legal sense a person is drunk or intoxicated when he is so far under the influence of intoxicating liquor, that he is not entirely at himself physically or mentally, and his unusual appearance, flushed face and staggering walk, attracts the attention of others, and in law a man is not under the influence of intoxicating liquor, when his drinking does not affect or disturb his mental or physical faculties." Defendant also excepted to the court's ruling in sustaining an objection to the following question propounded by defendant's counsel on the cross-examination of one of the state's witnesses:

"Q. Now as a matter of fact, Mr. Pierce, instead of you first noticing him get out of the car and start to walk, as a matter of fact it was your habit, of going to George Noble and stopping him wherever you saw him?"

and to the court's denial of the following offer made concerning said witness:

"We offer to show by this witness, as showing the motive of the witness, that the witness George Pierce, on many different occasions within thirty days prior to the arrest, had stopped George Noble, and on the public streets and highways, and searched George Noble and his car, and on one occasion crowded him practically off the road, and made such search, and it was the habit of George Pierce to stop the defendant George Noble, to search him and his car, when he would meet him."

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Green & Hess.*

For respondent there was a brief over the name of *Mr. Carl G. Helm,* District Attorney.

RAND, J.—1. The statute of this state makes it unlawful for any person to drive an automobile upon a public street while (1) "in an intoxicated condition," or (2) "under the influence of intoxicating liquor." Unlike some statutes where only the second phrase is included, ours makes it unlawful to drive an automobile upon a public street, if either the driver is in an intoxicated condition, or under the influence of intoxicating liquor. A person, when drunk, is in an intoxicated condition, and of necessity is under the influence of intoxicating liquor, but a person may be under the influence of intoxicating liquor within the meaning of this statute, and not be drunk. For this reason, we do not think that the legislature intended by the use of both phrases, to mean the same thing, or in using both phrases, to convey but one idea. The requested instructions were drawn upon the theory that the two phrases were synonymous in meaning, and therefore the defendant

was entitled to an instruction that he could not be convicted unless there was evidence of his being drunk while driving his automobile upon the public streets. The state was not bound to prove, that the defendant was drunk or intoxicated, but only to show that he was under the influence of intoxicating liquor to some perceptible degree.

2, 3. It is a matter of common knowledge, that the drinking of intoxicating liquors, even in small quantities, has some effect upon the person drinking it, and that this effect continues for a longer or shorter period according to the amount drunk, and the individual drinking it. Probably the same may be said of anything else taken into the human stomach. For that reason, if for no other, proof of the drinking of intoxicating liquor is not, in itself alone, sufficient to sustain a conviction under this statute, and such has been the ruling of the courts under similar statutes: *Commonwealth* v. *Lyseth,* 250 Mass. 555 (146 N. E. 18); *People* v. *Weaver,* 188 App. Div. 395 (177 N. Y. Supp. 71); *People* v. *Dingle,* 56 Cal. App. 445 (205 Pac. 705).

4. The effects resulting from the drinking of intoxicating liquors, are manifested in various ways, and before anyone can be shown to be under the influence of intoxicating liquor, it is necessary for some witness to prove that some one or more of these effects were perceptible to him. In the instant case, the defendant stopped, got out of his car, and was seen to stagger, and when accosted by the officers, had a flushed face and talked incoherently, and his breath smelled of the liquors which he admitted having drunk but a short time before. Evidence of these facts was clearly sufficient to justify the verdict.

As said in *State* v. *Rodgers,* 91 N. J. Law, 212 (102 Atl. 433):

"It will be noticed that it is not essential to the existence of the statutory offense that the driver of the automobile should be so intoxicated that he cannot safely drive a car. The expression 'under the influence of intoxicating liquor' covers not only all the well-known and easily recognized conditions and degrees of intoxication, but any abnormal mental or physical condition which is the result of indulging in any degree of intoxicating liquors and which tends to deprive him of that clearness of intellect and control of himself which he would otherwise possess."

5. We think, that the denial of defendant's offer of proof was erroneous, and that the testimony offered was proper, as it tended to prove the credibility and interest of the witness. But in view of defendant's own admissions and the testimony of a large number of other witnesses showing the condition of the defendant, we think that the ruling of the court was not prejudicial. Other objections are urged, but we can find none that possess any merit. For the reasons stated, the judgment is affirmed.

AFFIRMED.