478 P.2d 654 (1971)
Louis Anest STRATIKOS, Respondent,
v.
State of Oregon, DEPARTMENT OF MOTOR VEHICLES, Driver's License Division, Appellant.
Court of Appeals of Oregon, Department 1.
Petition for Rehearing December 23, 1970.
Decided January 7, 1971.
Rehearing Denied January 7, 1971.
Review Denied March 9, 1971.
Nicholas D. Zafiratos, Astoria, for petition.
No appearance contra.
Before SCHWAB, C.J., and LANGTRY, FOLEY and FORT, JJ.
On Respondent's Petition for Rehearing December 23, 1970.
LANGTRY, Judge.
In a petition for rehearing, inter alia, the defendant asserts that the trial court failed to make findings of fact under ORS 482.550(2). This section deals with findings to be made by the hearing officer.
However, the amended complaint on appeal to the circuit court from the suspension of driver's license alleged: (1) that the police officer did not have reasonable grounds to believe that the plaintiff had been driving under the influence of intoxicating liquor; (2) that the plaintiff did not refuse to submit to the breathalyzer test; (3) that the plaintiff was not properly informed of the consequences "under ORS 483.992 to 482.560 [sic]" of his refusal to submit to the test, and (4) that the plaintiff was not properly informed of his rights as provided in ORS 483.638. These are substantially the same questions as those on which the hearing officer must make findings. At conclusion of the case, plaintiff's counsel moved for "dismissal" on the basis of points (1) and (2). We do not know why plaintiff wanted to dismiss his own proceeding unless he misspoke. We assume he was moving for judgment favorable to his client. The court expressly rejected point (1). Point (2) was the basis of the court's final decision, the appeal, and our reversal. When plaintiff moved to dismiss, the court observed that the green form (which was Exhibit I, and contained warnings of all the consequences and rights possibly referred *655 to in points (3) and (4) of the complaint) was read to the plaintiff.
In the trial court's letter opinion, dated five weeks after the hearing, only one finding was made; namely, that because the plaintiff demanded that his attorney be present before he would take the breathalyzer test, it could not be said that he had refused to take the test. Our opinion reversed this finding, and we now adhere to that opinion. We think the record thus shows findings on all four contentions.
The petition for rehearing is denied.