Argued January 19, reversed February 11, 1971

THORP, *Respondent, v.* DEPARTMENT OF
MOTOR VEHICLES, *Appellant.*

480 P2d 716

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

No appearance for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

SCHWAB, C. J.

Plaintiff, having had his motor vehicle operator's license suspended under the provisions of ORS 482.540 for refusing a police officer's request that he take a breathalyzer test after he had been arrested for drunken driving, appealed to the circuit court in the manner provided by ORS 482.560(1).[1] Over the state's objection the trial court refused the state the right to a jury trial, and, having taken the evidence without a jury, found that the police officer who had requested the plaintiff to take the test did not have reasonable grounds for doing so. These two rulings are the basis of the state's appeal to this court.

In 1965, the legislature enacted the Implied Consent Law, ORS 483.634.[2] This statute was obviously de-

---

[1] ORS 482.560(1) provides:

"If, after a hearing as provided by ORS 482.540 and 482.550, an order of suspension is issued, the person shall have the right, within 30 days after he receives notice of the order of suspension, to appeal the matter by filing a petition in the circuit court for the county where he resides. The court upon receipt of the petition shall set the matter for trial upon 10 days' notice to the division and to the appellant. The trial in the circuit court shall be de novo and the appellant shall have the right to a jury as provided in criminal actions."

[2] ORS 483.634 provides:

"(1) Any person who operates a motor vehicle upon the highways of this state shall be deemed to have given consent, subject to ORS 483.634 to 483.646, to a chemical test of his breath for the purpose of determining the alcoholic content of his blood if arrested for driving a motor vehicle while under the influence of intoxicating liquor in violation of subsection (2) of ORS 483.992 or of a municipal ordinance. A test shall be administered upon the request of a police officer having reasonable grounds to believe the person arrested to have been driving while under the influence of intoxicating liquor in violation of subsection (2) of ORS 483.992 or of a municipal ordinance.

"(2) If a person under arrest for driving a motor vehicle while under the influence of intoxicating liquor in violation of subsection (2) of ORS 483.992 or of a municipal ordinance,

signed to facilitate the prosecution of drunken drivers by providing an objective evaluation of the alcoholic content of the blood of the driver so charged. The legislation does not require that a driver so charged take the test, but encourages him to comply with a request that he do so by the device of imposing a 90-day forfeiture of his driver's license if he refuses. ORS 482.540(1).[8] ORS 483.634 provides that any person

refuses the request of a police officer to submit to a chemical test of his breath as provided in subsection (1) of this section, and if the person has been informed of the consequences of such refusal as provided by ORS 482.540 to 482.560 and of his rights as provided in ORS 483.638, no test shall be given, but the police officer shall prepare a sworn report of the refusal and cause it to be delivered to the division. The report shall disclose:

"(a) Whether the person at the time he was requested to submit to a test was under arrest for driving a motor vehicle while under the influence of intoxicating liquor in violation of subsection (2) of ORS 483.992 or of a municipal ordinance;

"(b) Whether the police officer had reasonable grounds to believe, at the time the request was made, that the person refusing to submit to the test had been driving under the influence of intoxicating liquor in violation of subsection (2) of ORS 483.992 or of a municipal ordinance;

"(c) Whether the person refused to submit to a test;

"(d) Whether such person was informed of the consequences, under ORS 482.540 to 482.560, of his refusal to submit to the test; and

"(e) Whether such person was informed of his rights as provided in ORS 483.638.

"(3) If a person under arrest refuses to submit to a chemical test of his breath under the provisions of subsection (2) of this section or refuses to consent to chemical tests as provided by ORS 483.636, evidence of his refusal shall not be admissible in any civil or criminal action, suit or proceeding arising out of acts alleged to have been committed while the person was driving a motor vehicle on the highways while under the influence of intoxicating liquor."

[8] ORS 482.540(1) provides:

"Upon receipt of the report of a police officer as required in subsection (2) of ORS 483.634, and in accordance with subsection (2) of this section and subsection (1) of ORS 482.550, the division shall suspend the reported person's license, permit or privilege to drive a motor vehicle in this state for a period of 90 days."

who operates a motor vehicle upon the highways of this state may be asked by a police officer to take a scientific test, the breathalyzer test, to determine the alcoholic content of his blood. The statute incorporates numerous safeguards for the individual concerned. The only ones here relevant are that prior to the request by the police officer, (1) the driver must have been arrested for drunken driving, and (2) the police officer making the request must have reasonable grounds to believe the person arrested to have been driving while under the influence of intoxicating liquor.

Since the enactment of the Implied Consent Law numerous drivers caught in its web have sought to negate its purpose by arguing that it is, in effect, a criminal proceeding. They have sought interpretations of the law which would for all practical purposes require the state to prove beyond a reasonable doubt, in what would be equivalent to a criminal proceeding, that the driver involved was driving under the influence of intoxicating liquor as a condition precedent to his loss of driver's license for 90 days for refusal to take the breathalyzer test. See, e.g., *Heer v. Dept. of Motor Vehicles,* 252 Or 455, 450 P2d 533 (1969); *Burbage v. Dept. of Motor Vehicles,* 252 Or 486, 450 P2d 775 (1969); *Stratikos v. Dept. of Motor Vehicles,* 4 Or App 313, 477 P2d 237 (1970), 478 P2d 654, Sup Ct *review denied* (1971).

In the case at hand the trial court erred in allowing plaintiff to waive trial by jury over the objection of the state. Plaintiff's right of appeal to the circuit court of the Motor Vehicle Division's order suspending his driver's license for refusal to take the breathalyzer test was under the provisions of ORS 482.560 which specifically provides the right to a jury trial. The

proceeding authorized by this statute is civil, not criminal.[④] *Burbage v. Dept. of Motor Vehicles,* supra; *Stratikos v. Dept. of Motor Vehicles,* supra.

Waiver of jury trial in civil proceedings is controlled by ORS 17.035.[⑤] The requirement that waiver of jury trial in civil actions can only be accomplished by the express consent of all parties to the action has been the interpretation placed on ORS 17.035 by the Supreme Court for over 80 years. *Argonaut Insurance Co. v. Ketchen,* 243 Or 376, 413 P2d 613, 19 ALR3d 1386 (1966); *American Mort. Co. v. Hutchinson,* 19 Or 334, 24 P 515 (1890). The cited cases involved private parties. However, we are not aware of any authority for the proposition that when the state is a litigant in a civil action it does not have the same statutory rights as any other litigant. It does not follow that we must remand this case for a new trial before a jury if either litigant so desires, because it is our opinion that even if a jury had been impanelled, the evidence is such that the trial court should have directed a verdict in favor of the state.

When the plaintiff appealed from the administrative ruling of the Motor Vehicles Division, ORS

---

[④] "The peculiar wording of ORS 482.560 ('the appellant shall have a right to a jury as provided in criminal actions') cannot mean that this proceeding is converted into a criminal action. These words simply state that the appellant shall be entitled to *a jury* as provided in criminal actions, not to *a jury trial* as provided in criminal actions * * *." Burbage v. Dept. of Motor Vehicles, 252 Or 486, 491-92, 450 P2d 775 (1969).

[⑤] ORS 17.035 provides:

"Trial by jury may be waived by the several parties to an issue of fact, in actions on contract, and with the assent of the court in other actions, in the manner following:

"(1) By failing to appear at the trial.

"(2) By written consent, in person or by attorney, filed with the clerk.

"(3) By oral consent in open court, entered in the minutes."

above. His testimony was not rebutted. The trial court 482.540, suspending his driver's license for 90 days for his refusal to take the breathalyzer test, he bore the burden of proving by a preponderance of the evidence that his license was wrongfully suspended. *Burbage v. Dept. of Motor Vehicles,* supra, and *Heer v. Dept. of Motor Vehicles,* supra. He sought to do so by proving that the officer who requested that he take the test did not have reasonable grounds to believe that the plaintiff was driving under the influence of intoxicating liquor. Not only was this burden not met, but the uncontroverted evidence was such as to lead us to observe that the officer might well have been considered derelict in the performance of his duties if he had not requested the plaintiff to take the test. The question in a proceeding such as this is not, "Was the driver operating his vehicle under the influence?", it is, "Did the officer have reasonable grounds to believe that he was?".

On August 22, 1969, at approximately 11:30 p.m., a Coos Bay police officer observed the plaintiff driving his vehicle across the center line. Upon stopping plaintiff the officer noted the plaintiff's eyes were bloodshot, his clothes were dirty and disarranged, he appeared unsteady on his feet, his speech was slurred, and his breath smelled of alcohol. The officer arrested the plaintiff for driving under the influence. Upon trial of his appeal from the order suspending his driver's license, the plaintiff testified that his eyes were inflamed as a result of his work, that his clothes were indeed, as he put it, "pretty sad," that he had drunk approximately three cans of beer, and that he did not recall whether or not he crossed the center line, but that he may have cut the corner. Later in the trial, the arresting officer testified as indicated

observed during the trial that the plaintiff's speech does not "come out as clearly enunciated as do other persons." The trial court found that all of the prerequisite steps (see ORS 483.634, n 2) to the loss of driver's license for refusal to take the breathalyzer test had been complied with except for the requirement that the police officer have reasonable grounds to believe the plaintiff was driving while intoxicated. Although the court correctly considered that reasonable grounds were the same as probable cause to make an arrest without a warrant, it erroneously concluded that there was not probable cause. Probable cause or reasonable grounds is a conclusion of law which arises by inference from the facts found. If the facts support the inference, probable cause exists. In the present case the following facts were testified to by both the plaintiff and the police officer:

(1) Bloodshot eyes;

(2) Dirty and disheveled appearance;

(3) Odor of alcohol.

The defendant said nothing about his slurred speech, but as pointed out above, the court itself noted that the slurred speech continued until the time of trial.

The defendant did not deny crossing the center line; he merely stated that he did not remember.

The only fact upon which there was no evidence other than the testimony of the police officer, and this not rebutted, was that the plaintiff was unsteady on his feet.

"* * * In the instant case, the defendant stopped, got out of his car, and was seen to stagger, and when accosted by the officers, had a flushed

face and talked incoherently, and his breath smelled of the liquors which he admitted having drunk but a short time before. Evidence of these facts was clearly sufficient to justify the verdict." *State v. Noble,* 119 Or 674, 678, 250 P 833 (1926).

See also *State v. McDaniel,* 115 Or 187, 237-40, 231 P 965, 237 P 373 (1925).

■ Probable cause for arrest without a warrant does not require the same quantum of evidence as is required to support a conviction. *Brinegar v. United States,* 338 US 160, 69 S Ct 1302, 93 L Ed 1879 (1948), states:

"* * * Guilt in a criminal case must be proved beyond a reasonable doubt and by evidence confined to that which long experience in the common-law tradition, to some extent embodied in the Constitution, has crystallized into rules of evidence consistent with that standard. These rules are historically grounded rights of our system, developed to safeguard men from dubious and unjust convictions, with resulting forfeitures of life, liberty and property.

"However, if those standards were to be made applicable in determining probable cause for an arrest or for search and seizure, more especially in cases such as this involving moving vehicles used in the commission of crime, few indeed would be the situations in which an officer, charged with protecting the public interest by enforcing the law, could take effective action toward that end * * *." *Brinegar v. United States,* 338 US at 174.

In *State v. Keith,* 2 Or App 133, 465 P2d 724, Sup Ct review denied (1970), we cited with approval the following from LaFave, *Search and Seizure: "The Course of True Law * * * Has Not * * * Run Smooth,"* 255 Ill L Forum (1966):

"The requirement of probable cause does not

mean that there must be 'a showing of guilt beyond a reasonable doubt'; what is needed is 'reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief.' In terms of the quantum of evidence required, this is substantially the equivalent of the probable cause needed for an arrest warrant and of the reasonable grounds needed for arrest without warrant * * *." 465 P2d at 728-29.

The facts in the case at hand are substantially similar to those indicated in *State v. Noble,* supra, which were held sufficient to justify conviction. No more certainty is required to provide reasonable grounds for an officer to believe that a person was driving under the influence of alcohol. The plaintiff, in providing plausible reasons for most of the conditions that the officer said he observed, himself provided proof of the officer's grounds for believing that plaintiff was under the influence of intoxicating liquor. The plaintiff admitted that the conditions existed and proceeded to explain them. The explanation of the causes of the conditions might rebut an inference that they arose from alcoholic consumption, but they affirmed the existence of the reasonable grounds for the officer's belief. A trier of fact, judge or jury, might have believed all these explanations, and found that the plaintiff was not under the influence of intoxicating liquor, but that is not the determination to be made here. Officers arresting for driving under the influence are often faced with citizens exhibiting physical characteristics which may arise from a variety of causes other than the influence of alcohol. Faced with the physical conditions here described, and detecting the odor of alcohol, an officer has reasonable grounds to believe that the physical condition is a result of alcohol.

It is reasonable to assume that the legislature enacted the Implied Consent Law because the possible resolution of this ambiguity is one of the values of the breathalyzer test. It provides a quick, impartial, scientific determination of whether a physical condition is directly related to the influence of alcohol on the subject's behavior. The presumptions established by ORS 483.642[⊚] assist in determining whether or not the observed conditions were the result of the influence of intoxicating liquor and in determining whether prosecution is warranted, as well as in providing evidence in the event of prosecution. The court did not and could not find that the plaintiff's eyes were not bloodshot, his clothes not disheveled, his speech not slurred, and that he did not smell of alcohol. The only reasonable possible conclusion that can be drawn is that the officer had reasonable grounds to believe that the plaintiff was under the influence of alcohol.

---

[⊚] ORS 483.642 provides:

"At the trial of any civil or criminal action, suit or proceeding arising out of the acts committed by a person driving a motor vehicle while under the influence of intoxicating liquor, the amount of alcohol in the person's blood at the time alleged as shown by chemical analysis of the person's breath, blood, urine or saliva shall give rise to the following presumptions:

"(a) Not more than .05 percent by weight of alcohol in his blood, supports a disputable presumption that he was not then under the influeince of intoxicating liquor.

"(b) More than .05 percent but less than .15 percent by weight of alcohol in his blood, is indirect evidence that may be used to determine whether or not he was then under the influence of intoxicating liquor.

"(c) Not less than .15 percent by weight of alcohol in his blood, supports a disputable presumption that he was then under the influence of intoxicating liquor.

"(2) Nothing in this section is intended to limit the introduction of any competent evidence bearing upon the question of whether or not a person has been under the influence of intoxicating liquor."

Reversed.

FORT, J., specially concurring.

The majority correctly concludes that since this proceeding is civil in nature, as we held in *Stratikos v. Dept. of Motor Vehicles,* 4 Or App 313, 477 P2d 237 (1970), 478 P2d 654, Sup Ct *review denied* (1971), it was error for the trial court to deny the state's request for a jury. However, I do not believe that we can say as a matter of law the trial court erred in finding that "the police officer did not have reasonable grounds to believe that the plaintiff had been driving under the influence of intoxicating liquor." The evidence, in my view, though ample to support a contrary finding, is sufficient to warrant the submission of the issue to the jury. I would therefore reverse and remand for a new trial.