Argued March 16, reversed and remanded April 1, 1971

DORR, *Respondent, v.* DEPARTMENT OF
MOTOR VEHICLES, *Appellant.*

483 P2d 105

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

*Charles D. Burt,* Salem, argued the cause for respondent. On the brief were Brown and Burt, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

LANGTRY, J.

The Department of Motor Vehicles appeals from a reversal by the circuit court of an order of the department suspending petitioner's vehicle driver's license for alleged refusal to take a breathalyzer test. The department asserts the trial court erred in holding that the testimony of the officer who made the arrest and report was essential at the trial. Trial was by the court without a jury.

In his petition to the circuit court, the petitioner stated:

"V.

"The particular grounds for this appeal are (1) that the police officer did not have reasonable grounds to believe at the time of the request for a breath test was made that petitioner had been driving a motor vehicle while under the influence of intoxicating liquor, and (2) that there was no evidence sufficient to indicate that petitioner in truth and fact refused to submit to the test after being advised fully of his rights.

"VI.

"Petitioner further alleges that he was not, in truth and fact, informed of his rights as provided by ORS 483.638, or the consequences of his alleged refusal to submit to the breath test."

At the circuit court trial, petitioner was the only witness produced in support of the petition. He testified that he was not intoxicated at the time in question. With reference to the matters placed in issue by his petition, he testified on redirect examination by his own counsel:

"A   I am saying some of these things I just didn't remember.

"Q   So to your recollection it didn't happen, is that what you are saying?
"A   Well, they could have.

"Q   But you don't remember?
"A   I don't remember them."

When he was called as a witness by the department, he admitted he had driven his vehicle to the position it was in when he was arrested in it. It was partially on the street and partially on adjacent grass, with the engine running.

Before trial, the department had requested a continuance because the arresting officer was temporarily unavailable. The court had refused the continuance. After petitioner rested his case, and the department had recalled petitioner as a witness, the department produced Sergeant Creasy of the Salem Police Department, who had observed the arresting officer and the petitioner when the petitioner was brought to the police station immediately after his arrest. Creasy testified:

"A * * * [Petitioner was] unsteady on his feet; he was very loud in his language and was very abusive to Officer Wynn [the arresting officer] and myself.

"* * * * *

"* * * [H]e did calm down enough to talk with me but he wouldn't with Officer Wynn, and I

did detect the odor of alcohol on his breath, besides his eyes were bloodshot and very unsteady."

Creasy also identified Officer Wynn's sworn report, Exhibit 1, to the motor vehicle department, made pursuant to ORS 483.634. He testified that he heard the statement, which is appended to that report, read by Officer Wynn to petitioner; that he saw Officer Wynn sign it, and that he signed it as a witness. The statement thus read to petitioner was advice of the same rights and consequences which petitioner denied were related to him—in other words, the matters that were in issue in the case. The report with the appended statement was rejected by the court when it was offered in evidence.

The trial court held:

"THE COURT: I think that the officer who in fact prepared Defendant's Exhibit 1— * * * that he is an essential witness to this proceeding and in the absence of his testimony then the action of the department cannot be sustained. Also I would say that I feel this is true in order to vest jurisdiction in this court to hear the matter under 482.540. * * * [T]his report is a necessary condition precedent to establish the power to suspend.

"And I would like to say that in my judgment the provisions of 482.550, Section 2 (d) * * * makes the witness's presence here even more essential than just the jurisdictional matter which I earlier referred to, and without his testimony then I don't think that essential quality of the hearing can be established by some other officer who was not present at the time that the officer's observations were made of the fact which caused him to make the arrest in the first place * * *."

The petitioner has the burden of proof in this proceeding. *Burbage v. Dept. of Motor Vehicles,* 252

Or 486, 450 P2d 775 (1969); *Thorp v. Dept. of Motor Vehicles,* 4 Or App 552, 480 P2d 716 (1971).

ORS 41.260 provides that the direct evidence of one witness who is entitled to full credit is sufficient proof; hence, Sergeant Creasy's testimony was sufficient, if believed, coupled with petitioner's admissions, to sustain the state's action. If the trial court's holding was correct, the death or unavailability of an arresting officer would terminate all such cases in which he had made the arrest, and which were still in litigation.

The issues for determination are those made by the pleadings. The parts of the petition which we have quoted above, therefore, are the issues in this case.

The petition did not challenge the existence or filing of the report. When the trial court ignored the issues made by the pleadings and interjected a different issue it erred.

The evidence offered by petitioner on the issues was evasive of them. There is a question whether he made a case which the department needed to defend against. However, it chose to do so rather than move for judgment when petitioner rested. The court's refusal to consider Sergeant Creasy's direct and material evidence on the issues in the absence of the arresting officer, and refusal to receive the arresting officer's report, which was adequately identified, were additional errors which make it necessary for the case to be retried.

Reversed and remanded for a new trial.