Submitted on record and appellant's brief May 13,
reversed May 27, 1975

HOWDER, *Respondent, v.* STATE DEPARTMENT
OF TRANSPORTATION MOTOR VEHICLES
DIVISION (No. 400-572), *Appellant.*

535 P2d 552

Lee Johnson, Attorney General, W. Michael Gil-

lette, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, for appellant.

No appearance by respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

■ Petitioner's license to operate a motor vehicle was suspended for refusal to take the breathalyzer test upon request. ORS 482.540. Petitioner appealed to the circuit court. ORS 482.560(1). At trial, after the parties rested, the trial court denied the Motor Vehicles Division's motion for a directed verdict and submitted to the jury two issues, the submission of which is assigned as error by the Division in this appeal. We review the facts in the light most favorable to petitioner. *Andros v. Dept. of Motor Vehicles,* 5 Or App 418, 485 P2d 635 (1971).

■ The initial issue is whether the requirement was met that the driver be arrested for driving while intoxicated before being requested to submit to a chemical test of his breath. The evidence is uncontradicted that the petitioner was so arrested. He testified:

"Q Now the police officer, I assume, after talking to you at the scene, he placed you under arrest?

"A Yes.

"Q And you left your vehicle there?

"A Yes. He had me lock it, and took me to the police station."

And the officer testified:

"Q Officer Bowers, let me ask you as to your observations you made at that point.

"You said he made a wide turn, and was weaving in traffic, and had the odor of liquor about

his person. He had watery eyes, slurred speech, and you told us about the difficulty Mr. Howder had with the coordination test.

"Based on these facts, as you observed them, did you form an opinion, as a trained officer, as to the condition Mr. Howder was in?

"A   Yes, I did.

"Q   What was your opinion?

"A   It was my definite opinion that he was definitely under the influence of intoxicating liquor, *and I at that time placed him under arrest for driving under the influence of intoxicating liquor,* and placed him in the vehicle, and transported him to the Traffic Division." (Emphasis supplied.)

It is undisputed that it was not until petitioner was transported to the Traffic Division that he was asked to take the breathalyzer test. The trial court was thus in error in submitting to the jury the question of whether petitioner was arrested for drunken driving before being requested to take the breathalyzer test.

The second issue which was encompassed in the motion for directed verdict which the trial court denied was whether the officer had reasonable grounds to believe that petitioner was driving while under the influence of intoxicating liquor. As in *Thorp v. Dept. of Motor Vehicles,* 4 Or App 552, 480 P2d 716 (1971), the undisputed objective evidence admits of no other reasonable inference but that the officer had reasonable grounds to believe that petitioner was driving under the influence of intoxicating liquor. *See also, Andros v. Dept. of Motor Vehicles,* supra.

Reversed.