Submitted on record and briefs July 16, reversed August 9, reconsideration denied August 25, petition for review denied September 14, 1976

NORDQUIST, *Respondent,*
*v.*
DEPARTMENT OF MOTOR VEHICLES, *Appellant.*
(No. 10,770, CA 5727)

552 P2d 873

Lee Johnson, Attorney General, W. Michael Gillette; Solicitor General, and Kevin L. Mannix, Assistant Attorney General, Salem, filed the briefs for appellant.

Milo Pope, Milton-Freewater, filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J

**SCHWAB, C. J.**

Petitioner's driver's license was suspended by the Motor Vehicles Division because of his refusal to submit to a breath test after he had been arrested for drunken driving. ORS 482.540 et seq. Petitioner appealed the suspension to the circuit court. Judgment was entered for petitioner following a jury trial, and the Division appeals to this court.

On appeal to the circuit court, petitioner had the burden of proving, by a preponderance of the evidence, that his license was wrongfully suspended, i.e., that one of the elements set out in ORS 482.550(2) was not present.[1] *Burbage v. Dept. of Motor Vehicles,* 252 Or 486, 490-91, 450 P2d 775 (1969); *Thorp v. Dept. of Motor Vehicles,* 4 Or App 552, 558, 480 P2d 716 (1971). The only question presented to the jury was whether the arresting officer, at the time he requested that petitioner submit to a breath test, had reasonable grounds to believe that petitioner had been driving under the influence of intoxicating liquor. The Division contends that the officer had such reasonable grounds as a matter of law and that the trial court, therefore, erred in denying the Division's motions for a directed verdict and for a judgment notwithstanding the verdict.

As in *Thorp,* supra at 558, we emphasize that the question in a proceeding such as this is not whether

---

[1]There must be an affirmative finding on the following matters:

"(2) The scope of the hearing shall be limited to:

"(a) Whether the person at the time he was requested to submit to a test was under arrest for driving a motor vehicle while under the influence of intoxicants in violation of ORS 487.540 or of a municipal ordinance;

"(b) Whether the police officer had reasonable grounds to believe, at the time the request was made, that the person refusing to submit to the test had been driving under the influence of intoxicants in violation of ORS 487.540 or of a municipal ordinance;

"(c) Whether the person refused to submit to a test;

"(d) Whether such person was informed of the consequences, under ORS 482.540 to 482.560, of his refusal to submit to the test * * *

"* * * * *." ORS 482.550.

[ 417 ]

the driver was in fact driving under the influence of intoxicating liquor. The only question is whether the officer had reasonable grounds to believe that he was. *Accord, Andros v. Dept. of Motor Vehicles,* 5 Or App 418, 425, n 2, 485 P2d 635 (1971). Here, the answer is affirmative. The following facts were established either by petitioner's own testimony or by uncontroverted evidence offered by the Division:

(1) The arresting officer smelled a strong odor of alcoholic beverage on petitioner's breath;[2]

(2) Petitioner told the officer that he had "had a few" beers;

(3) Petitioner's eyes were extremely watery and bloodshot;[3]

(4) The officer observed that there was a cooler on the back seat of petitioner's car which contained four unopened bottles of beer, that there were two empty six-packs on the floor of the car, and that there were two bottles of opened beer in the car;[4]

(5) When petitioner got out of his car, he walked unsteadily to the front of it; and

---

[2] Petitioner's testimony confirms this: he admitted that he drank a bottle of beer between 10 and 15 minutes before being stopped.

[3] Petitioner testified that he used eye drops regularly because his eyes are naturally watery and bloodshot. That is not relevant to a determination of reasonable grounds. We stated in *Thorp v. Dept. of Motor Vehicles,* 4 Or App 552, 561, 480 P2d 716 (1971):

"* * * The plaintiff, in providing plausible reasons for most of the conditions that the officer said he observed, himself provided proof of the officer's grounds for believing that plaintiff was under the influence of intoxicating liquor. The plaintiff admitted that the conditions existed and proceeded to explain them. The explanation of the causes of the conditions might rebut an inference that they arose from alcoholic consumption, but they affirmed the existence of the reasonable grounds for the officer's belief. A trier of fact, judge or jury, might have believed all these explanations, and found that the plaintiff was not under the influence of intoxicating liquor, but that is not the determination to be made here. Officers arresting for driving under the influence are often faced with citizens exhibiting physical characteristics which may arise from a variety of causes other than the influence of alcohol. * * *"

[4] One of the passengers in petitioner's car received a citation for having an open receptacle containing alcoholic beverage in a motor vehicle.

(6) Petitioner's performance on one of the field sobriety tests was uneven:

"Q.   [By prosecutor.] You do recall — remember stumbling when you did the heel to toe test, when you turned around?

"A.   I didn't stumble. I just kind of staggered. When I turned around, I turned around too fast."

The only reasonable inference that can be drawn from these facts is that the arresting officer had reasonable grounds to believe that petitioner had been driving under the influence of intoxicating liquor. Based on similar facts in *Thorp,* we observed that the "officer might well have been considered derelict in the performance of his duties if he had not requested the plaintiff to take the test." *Thorp v. Dept. of Motor Vehicles, supra* at 558. The court should have directed a verdict in favor of the Division.

Reversed.