Argued and submitted February 8,
reversed and remanded March 24, 1980

In the Matter of the Refusal to
Submit to a Breath Test by:
LACEY,
*Respondent,*
*v.*
MOTOR VEHICLES DIVISION,
*Appellant.*

(No. 108036, CA 15126)

608 P2d 599

Al J. Laue, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Elton T. Lafky, Salem, argued the cause and filed the brief for respondent.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, Chief Judge.*

RICHARDSON, J.

*Schwab, C.J., *vice* Lee, J., deceased.

**RICHARDSON, J.**

Petitioner appealed an order of the Motor Vehicles Division suspending his operator's license because he refused to take a breathalyzer examination, by a petition for review in the circuit court. ORS 482.560. The state filed an answer which contained a request for a jury trial and the matter was set for trial. Prior to the trial date the state moved for a continuance on the ground that a state's witness was out of state. The motion was allowed and a new trial date was set. Prior to the second trial the state again moved for a continuance on the ground that the witness had not responded to the subpoena. The court denied the continuance and dismissed the case with prejudice.

In a letter to the trial court, the following day, the state pointed out that because this was petitioner's appeal a dismissal would be a ruling against petitioner and would stand as an affirmance of the order suspending his operator's license. The court notified the parties to appear in court on a specific date. The record does not disclose that the parties were notified that they were to appear for trial. The parties appeared and counsel for the state pointed out that a jury trial had been requested and asked that the matter be continued for a jury trial. The court ruled that a request for a jury trial contained in the pleadings did not comply with the court rules and denied the request. The state told the court its witness was unavailable and that the state could not proceed. The court set aside the earlier order of dismissal and proceeded to hear the case without a jury. The petitioner put on evidence and the court entered judgment in his favor.

The state appeals, raising as its sole claim of error that the court improperly denied the state a trial by jury.

The appeal of a suspension order to the circuit court under ORS 482.560 is a civil proceeding and the request for and waiver of trial by jury is controlled by

[421]

the statutory procedure in civil cases. The state as well as petitioner is entitled to a trial by jury. *Thorp v. Dept. of Motor vehicles*, 4 Or App 552, 480 P2d 716 (1971); *Burbage v. Dept. of Motor Vehicles*, 252 Or 486, 450 P2d 775 (1969). Petitioner had the burden of proof to establish his entitlement to a reversal of the order of suspension by a preponderance of the evidence. *Burbage v. Dept. of Motor Vehicles, supra.*

The trial court, after setting aside its previous order of dismissal and denying the state's request for a jury trial, told petitioner he could put on his *prima facie* case. The court was apparently proceeding on the basis that the state had defaulted and petitioner was entitled to judgment if he put on a *prima facie* case. The state was not in default; it had answered and was present, represented by counsel. The case was at issue, and petitioner had the burden of proof. In order to be entitled to judgment he had to meet the burden of proof. It follows that this proceeding was not simply a *prima facie* hearing but a full trial, and the state was entitled to a trial by jury if properly requested and not waived.

The court denied the request for jury trial on the ground that the request did not comply with the local rules. The relevant court rule provides:

> "If either party to a civil action wishes to have a trial by jury, he shall file a written notice to that effect not less than ten days prior to trial. If written request is not filed, trial by jury is deemed waived." Rule 5.02, *Rules of the Circuit Court, State of Oregon, Third Judicial District."*

The state's request for a jury trial was in writing as part of the answer filed more than ten days prior to trial. In ruling on the request the court said it may have been sufficient but it was in "the wrong place," and that the motion had to be "on a separate piece of paper." We do not interpret the court rule, as did the trial court, to require a request for jury trial, which is otherwise sufficient, to be on a separate piece of paper.

The evident purpose of the rule is to notify the court and its support staff that the matter is to be tried to a jury in order that the court's docket may be properly administered. The state's answer was filed with the court and gave specific notice that a jury trial was requested. In the absence of a specific rule requiring the notice to be filed separate from the pleadings, we conclude the request was sufficient.

Petitioner argues that the state waived trial by jury in failing to insist on a jury or note to the court that a request was made on the two prior occasions the case was set for trial. Waiver of trial by jury in this type of proceeding is controlled by ORS 17.035. *Thorp v. Dept. of Motor Vehicles, supra.* There was no waiver of a jury trial by the state pursuant to that statute.

Reversed and remanded.