Robert J. MONTESANO,
Plaintiff-Appellant,

v.

Ray JAMES, Director of Revenue,
Defendant-Respondent.

No. 13036.

Missouri Court of Appeals,
Southern District,
Division One.

July 28, 1983.

Joseph B. Phillips, Phillips & Phillips, Stockton, for plaintiff-appellant.

Tony E. Swetnam, Pros. Atty., Stockton, for defendant-respondent.

TITUS, Judge.

Plaintiff, a resident of Cedar County, was arrested August 1, 1982, in and by a Kansas City police officer for driving while intoxicated. The officer thereafter submitted his affidavit to the director of revenue (defendant herein) that plaintiff had refused to submit to a chemical test and the defendant notified plaintiff his operating permit would be revoked effective September 5, 1982. Plaintiff filed his petition and application in the Circuit Court of Cedar County on September 3, 1982, to stay defendant's order pending the court's determination of the validity of defendant's action. On the same date the court ordered defendant to cease and desist from enforcing his order and was directed to appear September 20, 1982, to show cause why the order should not be made permanent. A hearing was conducted on the ordered appearance date wherein the arresting officer was the only witness and the matter was taken under advisement by the court. Under date of November 1, 1982, the court entered its judgment wherein it found that (1) plaintiff was the person arrested, (2) that the arresting officer had reasonable grounds to believe plaintiff was driving a motor vehicle while in an intoxicated condition and (3) that plaintiff refused to submit to the chemical test. § 577.050, V.A.M.S. (now § 577.041–2). Upon the basis of the foregoing the court ordered, adjudged and decreed that plaintiff's petition be denied and that the court's order of September 3, 1982, be vacated and set aside. Plaintiff appealed.

■ Plaintiff's action was civil in nature and is to be governed by rules pertaining to appeals in civil proceedings. *Gothard v. Spradling,* 561 S.W.2d 448, 449[1] (Mo.App. 1978). Appeals in court-tried civil actions are governed by Rule 73.01(c), V.A.M.R., which has been construed to mean that the "judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong." *Murphy v. Carron,* 536 S.W.2d 30, 32[1, 2] (Mo. banc 1976).

In effect the testimony of the police officer was that on August 1, 1982, he went to the vicinity of a two-car accident which had occurred at a Kansas City intersection. The collision happened when a car driven by one Bates failed to observe a stop sign and struck an automobile registered to and driven by plaintiff. Upon arriving at the scene the officer noticed "there was a strong odor of alcohol" on plaintiff's breath and plaintiff told the officer "he had three beers." The policeman asked plaintiff to take "a field sobriety test" and plaintiff complied. This consisted of plaintiff putting his head back, extending his arms outward and touching the tip of his nose with his right index finger and also walking "six steps up, five steps back." When asked how plaintiff had performed the tests, the officer answered "Fair" and explained the label by saying that plaintiff performed the tests "Slowly," indicating to the officer that plaintiff "may have been under the influence of alcohol." Following the field sobriety test, the officer arrested plaintiff, § 557.039, V.A.M.S., took him to the police station and informed plaintiff "several times" that if he did not take the prescribed breathalyzer test "the State of Missouri may revoke his privilege to drive." Plaintiff, according to the policeman, initially asked several questions concerning the test but finally "decided he didn't want to take it."

The lone point relied on by plaintiff in this appeal reads: "It was error for the court to dissolve the restraining order because there was insufficient evidence for the court to find that the appellant was legally arrested, or that there was suffi-

cient evidence for the arresting officer to have reasonable grounds to believe that the appellant was driving a motor vehicle while intoxicated."

■ This point is penned in utter disregard of the requirements of Rule 84.04(d), V.A.M.R., for it nowhere undertakes to state "wherein and why" the evidence was insufficient for the trial court to find that plaintiff was legally arrested or "wherein and why" the evidence was insufficient to permit the arresting policeman to reasonably believe plaintiff was driving while intoxicated. It is not enough for the point, as here, via conclusions of claimed error to simply say the trial court was wrong without alluding to some evidence or testimony which gives support to such conclusions. *In re Estate of Sifferman,* 603 S.W.2d 30, 31[1] (Mo.App.1980). Nevertheless, as notice and opportunity was not given to correct these errors, Rule 84.08, V.A.M.R., we are constrained to ignore the wrongs and consider the point upon its merit, if any. *Empire Gas Corp. v. Small's LP Gas Co.,* 637 S.W.2d 239, 245[8] (Mo.App.1982).

■ As previously noted, the action herein was civil so there was no bar to the reception of plaintiff's statements to the policeman to prove that the officer had reasonable grounds to believe plaintiff operated his vehicle while intoxicated. *Tolen v. Missouri Department of Revenue,* 564 S.W.2d 601, 602[6] (Mo.App.1978). The officer testified that plaintiff "told me that he was driving the car." While talking to plaintiff the policeman discovered that his breath emitted "a strong odor of alcohol" and plaintiff admitted "he had three beers." These facts prompted the officer to administer the field sobriety test which plaintiff performed only in a fair fashion and slowly. We feel that with these facts in hand the policeman had reasonable grounds to believe that plaintiff was the driver of the automobile at a time when he appeared intoxicated to such an extent that he was a proper subject for the breathalyzer test. The question in a proceeding such as we have here is not whether plaintiff was in fact driving while intoxicated but whether the officer had reasonable grounds to believe that he was. § 557.039; *Nordquist v. Department of Motor Vehicles,* 26 Or.App. 415, 552 P.2d 873, 874[2] (1976).

Judgment affirmed.

FLANIGAN, P.J., GREENE, C.J., and CROW, J., concur.