Argued and submitted October 29, reversed December 26, 1985

In the Matter of the Suspension of
the Driving Privileges of:
## GARCIA,
*Respondent,*

*v.*

## STATE OF OREGON,
## MOTOR VEHICLES DIVISION,
*Appellant.*

(151730; CA A34416)

711 P2d 219

Linda DeVries Grimms, Assistant Attorney General,

Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

David A. Hilgemann, Salem, argued the cause for respondent. On the brief were Stephen A. Lipton, and Mills & McMillin, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

■     The state appeals from a circuit court decision revers-
ing an order of the Motor Vehicles Division, in which peti-
tioner's driving privileges were suspended for his refusal to
take a breath test upon request by a police officer. The only
issue is whether at the time the officer requested that peti-
tioner take the breath test, he had *reasonable grounds* to
believe that petitioner had been driving under the influence of
intoxicants.[1] We reverse the trial court's order and reinstate
the order of suspension.[2]

Petitioner's contention is that the arresting officer's
testimony as to his belief that petitioner was driving was
inadmissible hearsay, involving out-of-court declarations by
an unknown bicyclist who had witnessed petitioner and by a
deputy sheriff who had relayed that information to the arrest-
ing officer. The trial court agreed that the testimony was
hearsay and should not have been admitted into evidence by
the hearings officer at the administrative proceeding. The
court concluded that there was an absence of "any other
credible evidence" and that petitioner's rights had been "sub-
stantially prejudiced." Accordingly, the order of suspension
was reversed.

Petitioner does not argue that he was not intoxicated.
He contends that there were no reasonable grounds for the
arresting officer, Nelson, to believe that petitioner had been
*driving.* Thus, this case boils down to the resolution of a very
narrow question.[3]

---

[1] *See* ORS 482.541(4), which sets forth all the issues to be considered in a license
suspension proceeding. Subsection (4)(b) of the statute relates to the specific issue in
this case.

[2] The trial court's review in these cases is *de novo.* It is conducted by the court
without a jury. However, the review is limited to the record created at the original
administrative hearing.

[3] The proper analysis of the officer's reasonable grounds for belief was developed
in *Thorp v. Dept. of Motor Vehicles,* 4 Or App 552, 480 P2d 716 (1971), where the
petitioner had appealed to the circuit court from an adverse administrative decision
suspending his license for refusal to take a breath test. In the circuit court, he bore the
burden of proving by a preponderance of the evidence that his license was wrongfully
suspended. 4 Or App at 558, *citing Burbage v. Dept. of Motor Vehicles,* 252 Or 486,
491-92, 450 P2d 775 (1969), and *Heer v. Dept. of Motor Vehicles,* 252 Or 455, 450 P2d
533 (1969). He sought to do that by proving that the officer who requested that he take

At the request of a deputy sheriff, Nelson was dispatched to an accident scene. On his arrival, he found the deputy and petitioner standing next to each other on the southeast corner of the intersection. At that time, no other people were around. An unoccupied car, registered to petitioner, was situated across one of the streets, with its front left tire on the railroad tracks that ran through the intersection. Nelson testified that the deputy told him that a bicyclist had actually seen the accident and had reported to him that petitioner had been driving the involved vehicle. The bicyclist did not testify at the hearing.

The arguments of both the state and petitioner focus primarily on the question of the admissibility of Nelson's testimony regarding the bicyclist's statement to the deputy. Petitioner argues that the testimony should have been excluded as "double hearsay." On the other hand, the state argues that Nelson could testify "about the collective sources of information relied on to form his reasonable grounds to believe that petitioner had been driving" and that the bicyclist's out-of-court statement was offered simply to prove its effect on Nelson in developing his belief that petitioner was driving. Because the statement was not being offered to prove the truth of the matter asserted, *i.e.,* that petitioner was, in fact, driving, it is not hearsay. Petitioner counters by arguing that the statement could have had no effect on the officer unless he believed it to be true. Thus, the statement is hearsay.

It is unnecessary for us to get involved in this exercise. Regardless of the bicyclist's statements, it is clear to us that, under the "totality of the circumstances," as observed by the officer at the accident scene, a reasonable person would

the test did not have reasonable grounds to believe that he was driving under the influence of intoxicants. We stated:

"The question in a proceeding such as this is not, 'Was the driver operating his vehicle under the influence?', it is 'Did the officer have reasonable grounds to believe that he was?' " 4 Or App at 558.

The inquiry in *Thorp* focused on whether the officer had reasonable grounds to believe that the petitioner was under the influence, but the same analysis was used in *Leabo v. SER/Motor Vehicles Division,* 46 Or App 55, 610 P2d 317 *rev den* 289 Or 337 (1980), to establish whether the officer had reasonable grounds to believe that the petitioner had been driving. In *Leabo,* we held that the petitioner could only overturn her suspension if she could show that the officer did not have reasonable grounds to believe she was driving.

have believed that petitioner had been driving.[4] Nelson had direct knowledge that the vehicle involved in the accident was registered to petitioner. He observed that the vehicle's engine was warm. Petitioner was the only person on the scene, other than the deputy. Despite the fact that the vehicle was registered to him, he denied any knowledge of it. Nelson looked in the vehicle and found no occupants. Reasonableness is the key to this inquiry: from the perspective of the officer, who else but petitioner could have been driving?

■ We hold that the officer did have reasonable grounds to believe that petitioner had been driving. The trial court erroneously invalidated the division's order suspending petitioner's driving privileges.[5]

Reversed.

---

[4] In addition to the bicyclist's remarks, the record discloses other statements that Nelson had received—information from an employe of a nearby establishment, the Cue Ball, that petitioner had entered the place and asked to use the telephone to arrange for a ride. Also, a woman approached Nelson at the scene and told him that petitioner had called her for a ride. Although those statements are referred to in the briefs, the parties' arguments are directed only at the bicyclist's statement. Our holding that Nelson had sufficient direct personal knowledge, irrespective of any out-of-court statements, avoids any need for us to discuss these other statements.

[5] We are not persuaded by petitioner's argument—or the trial court's conclusion—that petitioner was "substantially prejudiced" by the admission of the hearsay evidence. As we have indicated, there was abundant credible evidence to support the officer's reasonable belief. Even assuming that the testimony was inadmissible hearsay (*but see* ORS 183.450(1), on which the state does not rely on this appeal), any error was harmless.