Argued and submitted April 9, reversed and remanded with instructions July 23, 1986

ARNDT,
*Respondent,*

*v.*

MOTOR VEHICLES DIVISION,
*Appellant.*

(85-0527; CA A36576)

722 P2d 45

Kendall M. Barnes, Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

J.P. Harris, II, Salem, argued the cause and filed the brief for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

The Motor Vehicles Division (MVD) appeals a circuit court order reversing its order suspending petitioner's[1] driving privileges for refusal to submit to a breath test requested by a police officer. *Former* ORS 487.805(3);[2] *former* ORS 482.541(4)(c).[3] It contends that the court erred in concluding that, at the time he asked petitioner to take an intoxilyzer test, the arresting officer did not have reasonable grounds to believe that petitioner had been driving under the influence of intoxicants. We reverse.

Officer Wilson observed petitioner driving. Wilson followed him for about three miles and clocked him at speeds up to 68 mph in a 55 mph zone. At one point, petitioner crossed the fog line, then abruptly swerved back into his own lane. Except for the excessive speed and the abrupt maneuver when he crossed the fog line, petitioner's driving was not abnormal. Wilson stopped petitioner, who was able to get out of his truck and produce his driver's license without difficulty. Wilson detected a faint odor of alcohol on petitioner's breath and noticed that he was chewing tobacco. Wilson also noticed that petitioner's speech was slightly slurred and that his eyes were "a little bit red."

Wilson initiated a series of field sobriety tests. Petitioner was unable to stand still without swaying, was unable to count backwards as instructed, missed in his first attempt to touch his finger to his nose, was unable to stand on one leg and count to 25 and was unable to walk heel-to-toe with his arms at his side. He was able to recite the alphabet, although his speech was slurred, "did okay" counting the tips of his fingers and was successful in later attempts to touch his finger to his nose. Petitioner admitted that he had had "a couple beers."

---

[1] We refer to respondent as petitioner, because that is how MVD and the trial court referred to him below.

[2] *Former* ORS 487.805 was repealed by Or Laws 1983, ch 338, § 978 (which became effective January 1, 1986, Or Laws 1983, ch 338, § 981) and was replaced by ORS 813.100, Or Laws 1983, ch 338, § 591, as amended by Or Laws 1985, ch 16, § 298 and Or Laws 1985, ch 672, § 19.

[3] *Former* ORS 482.541 was repealed by Or Laws 1985, ch 16, § 475 (which became effective January 1, 1986, Or Laws 1985, ch 16, § 475) and was replaced by ORS 813.410, Or Laws 1983, ch 338, § 358, as amended by Or Laws 1985, ch 16, § 167 and Or Laws 1985, ch 672, § 13.

Wilson arrested him for driving under the influence of intoxicants. *Former* ORS 487.540.[4] Petitioner subsequently refused to submit to an intoxilyzer test and, thereafter, MVD suspended his driving privileges for failure to submit to the test. The circuit court found that Wilson lacked reasonable grounds to believe that petitioner had been driving under the influence of intoxicants and reversed MVD's suspension order.

*Former* ORS 487.805(1) provided, in part:

"A [chemical breath] test [for blood alcohol] shall be administered upon the request of *a police officer having reasonable grounds to believe the person arrested to have been driving while under the influence of intoxicants* in violation of [*former*] ORS 487.540 or of a municipal ordinance." (Emphasis supplied.)

In *Thorp v. Dept. of Motor Vehicles,* 4 Or App 552, 558, 480 P2d 716 (1971), we held that the issue in a case such as this is not whether the driver was driving under the influence of intoxicants, but whether the arresting officer had reasonable grounds to believe he was. *Thorp* equated "reasonable grounds" with "probable cause" and found, under facts similar to those here, that, as a matter of law, the officer had reasonable grounds to believe that the petitioner was driving under the influence of intoxicants. 4 Or App at 560-61; *see also Nordquist v. Motor Vehicles Div.,* 26 Or App 415, 417-18, 552 P2d 873 (1976); *Howder v. Motor Vehicles Div.,* 21 Or App 564, 566, 535 P2d 552 (1975); *Andros v. Dept. of Motor Vehicles,* 5 Or App 418, 425, 485 P2d 635 (1971).

We conclude, as a matter of law, that Wilson had reasonable grounds to believe that petitioner was driving under the influence of intoxicants and, therefore, that the trial court erred in reversing the suspension order.

Reversed and remanded with instructions to reinstate the suspension order.

---

[4] *Former* ORS 487.540 was repealed by Or Laws 1983, ch 338, § 978 (which became effective January 1, 1986, Or Laws 1983, ch 338, § 981) and was replaced by ORS 813.010, Or Laws 1983, ch 338, § 587, as amended by Or Laws 1985, ch 16, § 293.