Argued and submitted September 9, reversed and remanded with instructions
October 26, 1988

In the Matter of the Suspension of
the Driving Privileges of

WOOD,
*Respondent,*

*v.*

MOTOR VEHICLES DIVISION,
*Appellant.*

(86-2098; CA A47090)

763 P2d 190

Robb Haskins, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Jerome Lidz, Assistant Attorney General, Salem.

No appearance for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

In this implied consent case, the Motor Vehicles Division (MVD) suspended respondent's license for refusal to take a breath test. The trial court reversed and set aside the suspension order for lack of substantial evidence that the arresting officer had reasonable grounds to believe that petitioner had been driving under the influence of intoxicants. We conclude that there is substantial evidence in the record; therefore, we reverse and remand.

Officer Hoffman received a report that a man was unconscious in a pickup truck parked on a highway shoulder. He drove to that location and observed petitioner sitting on the bed of his pickup truck. Two other officers, who were also present, told Hoffman that a reserve unit had been to the scene, had checked petitioner for medical problems and had determined that no medical problems existed. Petitioner was the only other person present at the scene.

Hoffman saw that petitioner was "very unsteady on his feet" when he got out of his truck. While he talked with petitioner, he smelled a "very strong odor of alcoholic beverage on [petitioner's] breath" and saw that his "eyes were quite bloodshot" and heard his slurred speech. When Hoffman asked if he had been drinking, "[petitioner] indicated that he had drank [*sic*] some [S]cotch and beer at a tavern nine miles away." Hoffman searched, but was unable to find any empty bottles in or around petitioner's vehicle. Petitioner admitted to Hoffman that the pickup truck was his and that he was headed home but did not specifically admit that he had been driving. However, at the police station later, he did admit that he had been driving the pickup truck.

■ Implied consent cases are reviewed in circuit court and in this court for substantial evidence and errors of law. ORS 813.450(2), (4); *see Younger v. City of Portland*, 305 Or 346, 752 P2d 262 (1988). Thus, a judge may not substitute his or her opinion for that of the hearings officer on a finding of fact if there is substantial evidence in the administrative hearing record to support that fact, even though there also might be substantial evidence to support a contrary finding.

■ The scope of a hearing is limited by ORS 813.410(4), which provides, in pertinent part:

"The scope of a hearing under this section shall be limited to whether the suspension is valid as described in this subsection. A suspension under this section is valid if all of the following requirements under ORS 813.100 have been met:

"* * * * *

"(b) *The police officer had reasonable grounds to believe, at the time the request was made, that the person arrested had been driving under the influence of intoxicants in violation of ORS 813.010 or of a municipal ordinance.*" (Emphasis supplied.)

ORS 813.100 provides, in pertinent part:

"(1) Any person who operates a motor vehicle upon premises open to the public or the highways of this state shall be deemed to have given consent, subject to the implied consent law, to a chemical test of the person's breath for the purpose of determining the alcoholic content of the person's blood if the person is arrested for driving a motor vehicle while under the influence of intoxicants in violation of ORS 813.010 or of a municipal ordinance. *A test shall be administered upon the request of a police officer having reasonable grounds to believe the person arrested to have been driving while under the influence of intoxicants* in violation of ORS 813.010 or of a municipal ordinance * * *." (Emphasis supplied.)

Thus, the issue in this kind of case is not what actually did happen, nor is there any requirement that there be an eyewitness. Just as in a DUII prosecution, the evidence may be only circumstantial. "Reasonable grounds" is a conclusion of law that arises and is inferred from the facts and circumstances known to the officer. Accordingly, the dispositive issue is whether, at the time of the request to take the breath test, the officer had reasonable grounds to believe that petitioner had been driving *and* was under the influence at the time of the driving.

■ We conclude that, under the "totality of the circumstances" as observed before the request to submit to a breath test, including petitioner's location on the highway and the fact that he was alone in his pickup, Hoffman had reasonable grounds to believe that respondent had been driving. "Reasonableness is the key to this inquiry: from the perspective of the officer, who else but petitioner could have been driving?" *Garcia v. MVD,* 77 Or App 172, 176, 711 P2d 219 (1985).

■ We also conclude that Hoffman had reasonable grounds to believe that petitioner was under the influence at the time of the driving. The evidence was substantial on this point. Although petitioner did not admit to Hoffman that he had been driving, Hoffman reasonably drew that inference from the circumstances. Petitioner testified that he left home between 3:30 and 4:00 to shop for shrubs and brick work in Longview and that he also had drunk a few beers. He admitted that he had drunk at a tavern near Rainier. He was arrested at 8:19 p.m. about nine miles from the tavern on the way to his home. Hoffman's conclusion was reasonable. Blood alcohol dissipates over time, *see State v. Spencer,* 305 Or 59, 75, 750 P2d 147 (1988), and so it was reasonable to conclude that, because petitioner was under the influence at the time of the arrest and because it reasonably appeared that he had not consumed any alcoholic beverage since driving, he had driven there under the influence.

We conclude that there is substantial evidence to support the referee's conclusion that Hoffman had reasonable grounds to believe that petitioner had driven under the influence. ORS 813.410(4)(b). Accordingly, petitioner had no right to refuse to take the breath test. ORS 813.100(1).

Reversed and remanded with instructions to suspend driving privileges for three years, not including any period during which driving privileges were reinstated pending appeal.